OWEN J. EVANS *vs.* REBECCA GOODRICH and another.

June 29, 1891.

**Negligence—Guards across Ferry-Boats to Protect Stray Horses.—** The proprietor of a ferry is not bound to maintain guards or railings at the end of his boat, when not in actual use, so as to prevent runaway teams or stray animals on the highway from entering and passing over the same into the river.

**Same.—**He owes no duty, either to the owner of such teams or the public generally, to take such precautions to guard against possible accidents of that character.

Action brought in the district court for Hennepin county, and tried by *Hooker*, J., (a jury being waived,) who found the value of plaintiff's horse for which a recovery was sought to be $500, and ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*Albert F. Foster*, for appellant.

*E. W. Rossman*, for respondents.

VANDERBURGH, J. The defendants were the owners, duly licensed to operate what is known as "Bloomington Ferry," on the Minnesota river, between Hennepin and Scott counties, and were operating the same at the time of the accident hereinafter mentioned. The boat used was an ordinary ferry-boat, 40 feet long and 12 feet wide, hav-

ing railing at the sides 3 feet high. Provision was made for securely fastening vehicles to the boat, and to prevent accidents to teams received and ferried over. The boat and approaches leading to the ferry were, at the time referred to, in good repair. The ferry, with a similar boat, had been operated there in the same way for 30 years. At the time of the accident the boat was moored in the usual way on the Hennepin side of the river, ready for the reception of passengers and teams, but there was no bar or obstruction at the end of the boat to prevent passage upon or over it to the river beyond. On the day in question, as plaintiff's servant, who was in charge of his horses, was approaching the ferry from the Hennepin side, the animals were frightened at the discharge of a gun, became unmanageable, and escaped from his control, without fault on his part, and ran away down hill, to and over the ferry-boat, to the deep water beyond, and one of them was drowned. The ferryman was several rods away at the time, and not immediately in charge of the boat. This action is brought to recover damages for the alleged negligence of the defendants in failing to provide and maintain suitable guards at the end of the boat to prevent the ingress of animals in such cases. The court found that there was no actionable negligence on the part of the defendants, and ordered judgment in their favor.

It is clear that the defendants had not assumed the obligations of a carrier or ferryman as respects the plaintiff's horses or his servant, and are not liable as such. And it is difficult to perceive on what principle it can be claimed that the defendants owed the plaintiff any special duty to guard the ferry-boat from the approach of runaway horses on the highway. Nor can it be said that the omission complained of was negligent conduct so eminently dangerous in itself that ordinary prudence should have induced the precaution suggested to guard against such accidents generally. The defendants were not culpably negligent in this sense. *Sawyer* v. *Minn. & St. Louis Ry. Co.,* 38 Minn. 103, (35 N. W. Rep. 671,) and cases. The accident must be treated as a misadventure, and not as the result of the negligence of any one. There was nothing in the condition of the boat or in the business which, after long experience, had suggested that it was negligent or dangerous to leave it in the condition it was in.

*Loftus* v. *Union Ferry Co.*, 84 N. Y. 455; *Hubbell* v. *City of Yonkers,* 104 N. Y. 434, 439, (10 N. E. Rep. 858;) *Lafflin* v. *Buffalo & S. W. R. Co.*, 106 N. Y. 136, (12 N. E. Rep. 599.)

The court finds that both the plaintiff and his servant in charge of the horses had frequently, previous to the accident, crossed the river at that point, and were well acquainted with the character of the approach, and the boat and its method of operation, and each well knew that no bars or obstructions of any kind were placed at either end of the boat. This being the case, we are unable to see why, if there was reason to apprehend such an accident so that defendants failed in their duty in not guarding against it, the plaintiff was not in like manner at fault in failing to apprehend and avoid the same danger. Doubtless the truth is, the contingency of such an accident had never been suggested to either of the parties.

Order affirmed.