PER JOHANSON *vs*. FRANK HOWELLS.

Submitted on briefs Oct. 10, 1893.   Affirmed Oct. 16, 1893.

No. 8491.

Facts Stated.   Proximate Cause.

One J. owned a colt, which he kept in his pasture, inclosed with a fence, and forming part thereof was a post from three to five feet high, quite sharp on top, placed there by J. himself. At the same time one H. owned a colt, which he permitted to run at large, and which ran along the side of the said fence of J., and his colt, seeing the colt of H., ran towards it, and, the two colts meeting at this post, one upon each side of the fence, they both reared up, and remained in this position only a moment, when they both came down, and, as they did so, the colt of J. fell upon this sharp post, and thereby received such an injury that it died within an hour. It did not appear that the colt of H. was trespassing upon the premises of J. at the time of the injury, or that the colt of H. was of a mischievous or vicious disposition. *Held*, that J. could not re-recover of H. any damages, not even nominal damages, for the injury to J.'s colt.

Appeal by plaintiff, Per Johanson, from an order of the District Court of Traverse County, *C. L. Brown*, J., made August 27, 1892, denying his motion for a new trial.

*E. T. Young*, for appellant.

*Reynolds & Townsend*, for respondent.

BUCK, J.   On the 23d day of April, 1892, plaintiff owned a horse colt, of the value of $150, which he kept in his pasture, inclosed by a fence, in which fence, and forming a part thereof, was a post, somewhere from three to five feet high. This post was quite sharp on the top, and was there erected by the plaintiff himself. On the day above stated, this defendant owned several horses and a colt, which were running at large in the vicinity of the plaintiff's pasture; upon whose land it does not appear, and this fact is immaterial in the view we take of this case, except it appears quite conclusively that, at the time of the injury complained of, the defendant's animals were not trespassing upon the plaintiff's land. The plaintiff claims that

the defendant's colt, while so running at large, came up to the pasture fence of plaintiff where his colt was inclosed, and attempted to and did bite, annoy, and harass his colt, whereby said colt was excited and frightened, and thereby jumped, and fell against and upon a post, whereby it was cut, wounded, and killed.

The cause came on for trial before a jury, and, when the plaintiff rested, the court below dismissed the case, upon motion of defendant, because the plaintiff had failed to prove a cause of action. A witness for the plaintiff, and whose testimony was uncontradicted, testified as follows: "I saw the colt at the time the accident occurred. They [Howells' colts] were running from the other side of the creek,—the west side,—and they came alongside of the fence down to my place, and then they turned again, and went up the other way where Johanson's colt was. Then one of the colts went up to Johanson's colt, and they both raised right up on their hind legs, one on each side of the fence, and they stayed there for about a second, and then they both came down, and Mr. Johanson's colt, I suppose, came down on that sharp post, and I seen him when he came down. He started down the pasture, and kind of staggered, and I sent my boy over to tell Johanson that his colt was hurt. Then I went back to my plow again. About an hour after that Mr. Johanson came around, and I went down with him where the colt was, and when I got there the colt was dead." The plaintiff's evidence was substantially the same.

There is not anything in the case to show that the defendant's colt was vicious, or of a mischievous disposition. The colts were not fighting, and the injury to plaintiff's colt was not the result of any biting, kicking, or pushing or other vicious act on the part of the defendant's colt. The proximate cause of the death of the colt was not any act on the part of the colt of the defendant. It was an accident or disaster, which happened without cause or design on the part of the defendant, and it was one of those unforeseen events for which he is not legally responsible. Under no aspect of this case can the plaintiff recover, and we need not determine whether the plaintiff was guilty of contributory negligence in erecting in his pasture fence a post such as is described in the evidence. The claim of the plaintiff that he was entitled to nominal damages is

untenable. The animals of defendant were not trespassing upon his premises.

The order of the court below denying plaintiff's motion for a new trial is affirmed.

(Opinion published 56 N. W. Rep. 460.)

Application for reargument denied November 1, 1893.