### WILLIAM FRIEDRICH v. CITY OF ST. PAUL.[1]

#### May 27, 1897.

#### Nos. 10,596—(133).

### Injury to Employe—Negligence of Fellow Servant.

*Held*, that there was no evidence of negligence on part of the city; that, if there was any negligence proven, it was that of plaintiff's fellow servant.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., refusing a new trial after a verdict for defendant. Affirmed.

*O. H. O'Neill,* for appellant.
*James E. Markham* and *Carl Taylor,* for respondent.

MITCHELL, J. The facts in this case are practically undisputed. The plaintiff was a common laborer employed by the street commissioner of the defendant, and ordered to report to one Anfang for work. Anfang, also employed by the street commissioner, was directed by

--------

[2] As to the possibility of fastening the "grab hook" in the "swamp chain" otherwise than as deceased fastened it.

[1] Reported in 71 N. W. 387.

the street commissioner to take some men with him, and dig a trench on University avenue seven feet long, two and one-half feet wide, and seven feet deep, for the purpose of putting in a drinking fountain.

Anfang was a carpenter by trade, who had been in the employment of the city for some time, and had performed a similar job of work on a former occasion. It does not appear that Anfang received any special instructions as to how the work was to be done, or as to what tools or appliances he was to take for use in performing it. Thereupon Anfang took plaintiff and another man, and the three commenced digging the trench; Anfang evidently acting as the foreman or boss of the work. They had dug the trench to the depth of about four feet, when it was discovered that lagging or curbing was necessary to prevent the sides of the trench from caving. Thereupon Anfang procured some white pine planks, two by six inches, sharpened the ends of them, and drove them into the ground around the sides of the trench; the plaintiff, as he testifies, holding them while Anfang drove them down with an iron sledge hammer which he obtained from the city tool house. No iron caps were put on the tops of the timbers to keep them from splitting. After these timbers had been driven down a certain distance, the plaintiff resumed the work of throwing earth out of the bottom of the trench.

As the trench was excavated deeper, it was necessary to drive the timbers still deeper. This Anfang was engaged in doing with the iron sledge hammer while plaintiff was in the trench shoveling out earth; and one of the blows with the hammer caused a splinter to fly from one of the timbers and strike plaintiff in the face and eye, causing the injuries complained of. There was evidence to the effect that the usual and proper way of driving down lagging or curbing of this sort is to put an iron cap on the top of the timbers, and then drive them with a wooden maul, although the testimony indicated, what is a matter of common knowledge, that this is designed for the protection of the timbers, and not of those employed in the vicinity.

The negligence charged against the city is: First, putting an incompetent foreman in charge of the work; second, in failing to furnish reasonably safe and suitable tools and appliances for doing the work. There is an entire absence of proof of the first charge. There is not a particle of evidence that Anfang was incompetent, either because

of lack of skill or of habitual carelessness. The work was of a very simple nature, and did not require any special skill, and Anfang was not only a carpenter by trade, but had previously done similar work for the city; and there is no suggestion in the evidence that anything had been brought to the knowledge of the street commissioner that would have even suggested to him that he was not fully competent to perform such work. The second charge of negligence is equally unsupported by the evidence. There is nothing dangerous, except to the timber itself, in driving down timbers with an iron maul without capping them. We have a right to take notice of what everybody knows, viz. that the sole purpose of capping the timbers and using a wooden maul is to protect the timber; that, while timber may split, it does not usually throw off splinters so as to endanger the safety of those in the vicinity; that that is an occurrence that would not be reasonably anticipated. If there was any negligence in the case, it was the act of Anfang in continuing to strike the timbers in such close proximity to the plaintiff after he discovered that they were throwing off splinters; and in doing that he was a fellow servant of the plaintiff, whatever may have been his relation to him in other respects. This class of cases is so common, and the rules of law applicable to them so well settled, that the only difficulty, if any, is in the application of these rules to the facts. Hence no extended discussion of the law is necessary.

Order affirmed.