R. J. VICKERS v. THE BOARD OF COUNTY COMMISSIONERS OF CLOUD COUNTY et al.

#### No. 10444.

DEFECTIVE BRIDGE—*county liable to one injured while rightfully under bridge, equally as if traveling over it.* A county is liable to any person who, without contributory negligence, is injured by the fall of a defective bridge while such person is at work under the bridge. The statute giving the right of action applies as well to those who are rightfully under the bridge as to those who are traveling over it.

Error from Cloud District Court. F. W. Sturges, Judge. Opinion filed February 5, 1898. *Reversed.*

*R. W. Turner* and *Pulsifer & Alexander,* for plaintiff in error.

*L. J. Crans,* for defendants in error ; *A. L. Wilmoth,* of counsel.

JOHNSTON, J. On July 18, 1894, A. L. Vickers was killed by the falling of a defective bridge, which had just been constructed in Cloud County, and his widow

brought this action against the County, and the persons holding the offices of County Commissioners and bridge commissioner, to recover damages sustained by reason of her husband's death.   In her petition she alleged, that the Board of County Commissioners authorized and contracted for the construction of a stone-arch bridge over a stream, upon plans prepared by William M. McCall, who had no knowledge or skill of bridge architecture, and which were not in accordance with the principles of applied mechanics ; that the Board of Commissioners and McCall were notified in advance that the plans were defective and that a stone-arch bridge built in accordance therewith could not and would not stand ; that with this knowledge the Board contracted with J. M. Hass to construct the bridge, although Hass protested that the plans were defective and that a structure built thereunder would be dangerous ; that Hass proceeded to, and did, construct the bridge under the supervision of McCall, who was appointed by the Board as bridge commissioner, and it was provided in the contract that payment for the structure was not to be made until the bridge was accepted as complete by McCall. Vickers was employed in the construction of the bridge, and it is alleged that he was an unskilled workman and had no knowledge of the laws of applied mechanics or of the science of bridge building ; that he had no knowledge of the defective character of the plans or of the bridge built thereunder.   It is further alleged that the bridge was built strictly in accordance with the plans, and under the direction and supervision of the bridge commissioner appointed by the Board, and that after the completion of the bridge in accordance with the plans, and after the same had been accepted by McCall, the commissioner, the arch of the bridge fell upon Vickers, who at the time was engaged in

removing some of the appliances that had been used in the construction of the bridge. There were other averments as to the particular defects in the plans and in the bridge, also as to the knowledge of the defects by the defendants and the want of knowledge of such defects by Vickers; and, further, that his injury and death were not the result of his own negligence. But a fuller recital of these averments seems to be unnecessary.

The answer of the defendants was a general denial and a charge of contributory negligence. The trial court ruled that the averments of the plaintiff did not warrant a recovery against the defendants, refused to hear any testimony, and directed a verdict in favor of the defendants.

According to the allegations of the petition and the offer of proof thereunder, the fall of the bridge and the resulting injury and death of Vickers were due to the wrongful acts and omissions of the defendants. The widow is, therefore, entitled to maintain an action against them and to recover for the death of her husband, providing he could have maintained an action against them for the injury if he had lived. Civil Code, § 422. This Code provision is remedial and prospective, and is as applicable to statutory liabilities created after its enactment as to those created or existing before that time. Is there a liability against the defendants, or any of them?

It is contended on behalf of the plaintiff that there is an express provision creating a liability against the County. In 1887 the Legislature enacted the following provision:

"Any person who shall, without contributing negligence on his part, sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located,

as hereafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, when the trustee of such township shall have had like notice of such defect." Laws of 1887, ch. 237; Gen. Stat. 1889, ¶ 7134; 1897, ch. 42, § 48.

It is said that the statute was held not to be applicable because Vickers was not using the bridge for traveling purposes, but was under it, at the time it fell and killed him. It will be observed that no such limitation is expressed in the statute. Its language is broad and inclusive, making counties and townships liable to "*any* person who shall, without contributing negligence on his part, sustain damages by reason of any defective bridge," etc. The right of action is, therefore, not restricted to any particular class of persons, nor to the position which the person may occupy upon the bridge, culvert or highway at the time of the injury. No reason is seen why a person who is injured while rightfully under the bridge is not as much entitled to recover as one who is injured while passing over it. As the bridge is in, and a part of, the public highway, a person may rightfully pass under it; and the only restriction imposed by statute in that respect is, that the person injured shall be without contributory negligence. It is true, that before the enactment of the law quoted there was no liability against a county or township for injuries resulting from defective bridges, culverts or highways; but this immunity from liability has been completely withdrawn, and these public corporations are to that extent on the same plane with private corporations

and individuals. It will be noticed that the language of the act is free from ambiguity and requires no interpretation. The natural and obvious meaning of the language employed fairly includes any one who may be injured by defective bridges, whether he is passing over or under them at the time of the injury.

It is next argued that the act refers only to completed structures and highways; and then it is further contended that the bridge in question had not been accepted, but was still in course of construction, and therefore that persons injured must look to the contractor for a remedy or to those who directly inflicted the injury. It may be conceded that an incomplete bridge, wholly in charge of an independent contractor, and which is not wholly or partially in the use of the public or under the control of the public officers, is not within the statute. To come within the statute it must have been such a structure as constitutes a bridge, but it is not required that it should be a finished or perfect structure. The claim that the statute applies only to bridges, culverts or highways once complete, but which have become out of repair, and which the county or township has failed to repair after due notice, was denied in the recent case of *Reading Twp. v. Telfer*, 57 Kan. 798; 48 Pac. Rep. 134. In that case, the same claim was made as to a highway as was made here with respect to a bridge, and to constitute a defective highway within the meaning of the statute, it was said that it was not necessary that it should be first improved and put in condition for travel, and then allowed to become defective through lack of repair. In pronouncing the decision, Chief Justice Doster remarked that the statute contains no such exceptions, and besides, "the statute which gives the right of action in question is a remedial one, and

should therefore be liberally rather than restrictively construed.'' In the present case, however, we are not required to draw any fine distinctions as to the stage to which construction had proceeded or as to the completed condition of the bridge. The plaintiff alleged and offered to show that the bridge was under the control and supervision of an officer of the County, and, further, that it had been accepted by the bridge commissioner before the injury occurred. Under the contract with the County the bridge commissioner was charged with the responsibility of determining whether the bridge was complete; and payment for the same was not to be made until he had accepted it as a completed structure. He was the agent of the County, and his acceptance of the same must be regarded as binding upon the County.

It is suggested that the individual officers are not necessary or proper parties defendant; but this question is not raised by the ruling of the District Court, and requires no consideration. The only question before us is, whether the trial court rightfully excluded all testimony, and upon that, we conclude that a cause of action was stated by the plaintiff and that she was entitled to introduce evidence.

The judgment of the District Court will be reversed and the cause remanded for a new trial.