WILLIAM T. BARRETT v. GREAT NORTHERN RAILWAY COMPANY.

December 22, 1898.

Nos. 11,338—(182).

**Railway—Splinter of Rail upon Side Track—Negligence—Personal Injury.**

The end of one of the rails in defendant's side track was battered down, spread out and split or splintered so that it projected inward five-eighths of an inch for a distance of three inches along the rail. Plaintiff, an employee of the defendant, attempted to couple the pilot bar of an engine to a freight car, but failed to do so; and in attempting to step backward off the side track, out of the way of the slowly-moving engine, the leg of his pants was caught near the heel by said projection, and his leg was held and crushed by the wheel of the engine. *Held*, defendant was not guilty of negligence in permitting this slight projection to remain on the rail.

Action in the district court for Wright county to recover $25,000 for personal injuries received by plaintiff while in the employ of defendant. The cause was tried before Tarbox, J., and a jury. At the close of plaintiff's evidence, the defendant's motion to dismiss the case was granted. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. E. Latham,* for appellant.

*W. E. Dodge,* for respondent.

75 M.—8

CANTY, J.

Plaintiff was a conductor on defendant's freight train. About a mile south of Granite Falls, in this state, there is on defendant's railroad a side track sufficiently long to accommodate 40 or 50 freight cars. At the time in question, plaintiff's train stopped at this side track in order to pass in upon the same, and let another train pass by on the main track. Plaintiff opened the switch, and his train passed in to where there were some freight cars standing ahead of the engine on the side track. It was necessary to couple the first of these cars onto the head end of the engine, so that they could be pushed down further on the side track, out of the way of plaintiff's train, in order to give it sufficient room to stand on the side track and clear the main track. As the engine approached this first car, the train was moving about a mile an hour, and plaintiff proceeded to couple the engine to the car. He stepped in between the rails, in front of the engine, and raised up the pilot coupling bar, which ordinarily rests on the middle of the pilot. This bar is about 5 feet long, and weighs about 100 pounds. As the train moved forward he attempted to put the end of the pilot bar into the aperture in the drawbar of the car, but missed it, and the end of the bar glanced off and struck against the wooden drawhead of the car as the pilot of the engine closed in against the car. He instantly stepped back, and attempted to get out of the way, outside of the rail. He stepped backward with his left foot over the rail, but his right foot was caught and run over by the first wheel of the engine before it was stopped. The foot was crushed at the ankle, and had to be amputated. He brought this action to recover damages for this injury. On the trial the court dismissed the action at the close of plaintiff's case, and he appeals from an order denying a new trial.

Plaintiff testified that, as he attempted to draw his right leg over the rail, he felt that his foot was caught and held so that he could not pull it away before the wheel passed over it. He did not know what it was that held his foot. There is evidence tending to prove that the foot was crushed at the rail joint. The space between the ends of the rails was about three-fourths of an inch wide, and a piece of the bone of the leg was forced down into this

space. The end of one of the rails was battered down, spread out and split or splintered so that it projected inward from one-half to five-eighths of an inch for a distance of about three inches along the rail, and a piece of cloth was found sticking on this projection. It was found that a piece of the leg of the pants, near the heel, was torn out. This piece, it is claimed, corresponds to the piece found stuck in the projection on the rail.

It is claimed that the existence of the projection was the proximate cause of the injury, and that defendant was negligent in permitting the projection to remain on the rail in its side track, where the employees were in the habit of coupling and uncoupling cars. This is the only ground of liability on which plaintiff claims the right to recover.

We cannot hold that defendant was negligent in permitting the projection to remain on the rail. The side track in question was not used for switching to any great extent, and a railroad company cannot be expected to keep its side tracks free from every little projection which may extend out from the rails, ties and other parts of its side tracks. There are the ends of the bolts which go through the fish plates, the nuts to fasten the same, splinters from the ties, etc. It would be imposing on the railroad company too high a degree of care to require it to keep all of these little projections trimmed off so that a man would never come in contact with them, and the leg of his pants would not be caught as he moved around over the tracks.

This is in accordance with the conclusion reached in Doyle v. St. Paul, M. & M. Ry. Co., 42 Minn. 79, 43 N. W. 787.

Order affirmed.