MICHAEL SCHREINER v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 16, 1902.

Nos. 13,017—(90).

**Walking on Railway Track.**
　　Persons having no invitation to go upon railway tracks, but who walk thereon for their own convenience, are mere licensees, taking existing conditions as they find them, and cannot require the railroad company to protect them from dangers which are as apparent and open to their own observation as to the company.

**Proximate Cause of Accident—Fence.**
　　Where a licensee walking upon railroad tracks was approached by a train, and stepped therefrom to avoid collision, but was pushed upon the rails by a straying cow pasturing on the right of way, the failure of the company to build the statutory fences cannot be held the proximate cause of the accident, for which it would be liable to answer in damages.

Action in the district court for Wright county to recover $25,000 for personal injuries. From an order, Giddings, J., sustaining a general demurrer to the complaint, plaintiff appealed. Affirmed.

*A. C. Middelstadt,* for appellant.

*W. E. Dodge* and *E. L. Sutton,* for respondent.

[1] Reported in 90 N. W. 400.

LOVELY, J.

Appeal from an order sustaining a general demurrer to a complaint. The facts set forth therein may be briefly stated as follows: Defendant operated its road between Waverly and Montrose, in this state. It had at all times failed to comply with its statutory duty to fence its tracks between these places. Plaintiff was injured while walking upon defendant's track under what he claims to have been an implied invitation. That the public have used the railroad right of way and its roadbed ever since its construction to walk thereon, and it had been the usual custom of the people who live at Montrose, Waverly, and the surrounding country, for their own convenience and benefit, to make such use of the tracks daily for twenty-five years, with the knowledge of defendant, and without objection or interference. On the occasion of the accident plaintiff was walking upon the tracks between the places referred to. A freight train approached from the opposite direction, running at the rate of thirty-five miles an hour. At the same time cattle were pasturing on the right of way. Plaintiff stepped from the rails to avoid the train, and while it was passing a cow ran against him, threw him upon the ground, pushed one of his arms upon the rails, whereby he received severe injuries, for which he seeks recovery.

The construction of the complaint most favorable to plaintiff is that he was on the railway tracks in pursuance of a usage by the public, which was permitted without objection from defendant. It does not go further than this. Plaintiff was not passing over the tracks at a crossing which had been adopted or recognized by the railway company, but was simply making use of its tracks to walk thereon from one place to another, which is a practice adopted by many persons for pleasure or convenience. That such a user is to a certain extent common is well known, but is unquestionably dangerous, and ordinarily regarded as an intrusion upon the legal rights of the railroads, who maintain their tracks and right of way, except at stations and crossings, for the purpose solely of operating their trains thereon. It is not easy to see how such a user by the public could be wholly prevented without force, which would be attended with difficulties that might not be overcome

without the imposition of unnecessary burdens upon the railway company, and it may well be doubted whether, upon the allegations of the complaint, the plaintiff was not a trespasser upon the defendant's property at the time he sustained his injury; but it is not necessary to so hold in this case. Conceding, however, that plaintiff had defendant's permission, resting upon the usage of the public, to walk upon its tracks, in availing himself of that privilege he was, at best, a mere licensee. His presence thereon was not expressly invited, and was of no advantage to the defendant. Where a licensee, for his own benefit, is upon the property of another, without objection from the owner, such owner owes no duty to guard such licensee or visitor against the obvious risks and dangers which exist thereon. In other words, the licensee or visitor must take care of himself in using the premises as he finds them, and is not entitled to be protected from existing conditions upon the property in their ordinary state. Sullivan v. Waters, 14 Ir. C. L. 460; Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673; Reardon v. Thompson, 149 Mass. 267, 21 N. E. 369; Redigan v. Boston, 155 Mass. 44, 28 N. E. 1133.

The fact set forth in the complaint, that defendant had neglected its statutory duty to fence the right of way, is not available to plaintiff, for it must be presumed that he possessed sufficient intelligence to realize the dangers of the situation. The duty to fence railways is required as a police regulation, to prevent cattle from straying thereon, where their presence might cause injury to the cattle, and property in transit, or to the lives of passengers on trains. The presence of foot travelers upon such right of way in no manner affects the operation of trains or prevents incursion of cattle upon the same. An infant of tender years, incapable of exercising intelligence sufficient to avoid going upon the tracks, has been held to be within the protection of the fencing statutes. Rosse v. Duluth Ry. Co., 68 Minn. 216, 71 N. W. 20; Nickolson v. Northern Pacific Ry. Co., 80 Minn. 508, 83 N. W. 454; Marengo v. Great Northern Ry. Co. 84 Minn. 397, 87 N. W. 1117, and cases cited. The reason, however, for this protection, does not extend to an adult person voluntarily upon the track for his own convenience. The plaintiff might, as a mere licensee, have the right

to complain of a wilful act by defendant in running him down, or of traps and pitfalls, which would be an allurement to unknown danger; but where he has full notice of conditions which are as open and apparent to him as to the railway company itself, he takes the risk of injury therefrom.

Aside from these considerations, we would be required to hold, even if plaintiff were upon the tracks through an express invitation from defendant, that there was no probable or natural relation between the injury he received and the proximate cause of the same, for the possibility of a person walking upon the tracks being pushed thereunder by a straying animal at the moment when a train passes is so remote that the railway company could not be required to anticipate that so unusual and peculiar a combination of circumstances as occasioned this accident would happen. We have found no parallel case to this, and we apprehend that the peculiar incidents set forth in the complaint under review would strike the average mind as extremely outre and singular. Persons upon railroad tracks, even by express invitation, may reasonably be expected to avoid dangers from trains. This is the rule, even at grade crossings, and it would likewise be supposed that they might avoid contact with cattle straying upon the right of way, and either avoid contact therewith or protect themselves from injury by them; hence it must be held that the failure to fence the right of way against the straying animal was not the proximate cause of plaintiff's injury. Nelson v. Chicago, M. & St. P. Ry. Co., 30 Minn. 74, 14 N. W. 360; Groff v. Duluth Imp. Mill Co., 58 Minn. 333, 59 N. W. 1049; Johanson v. Howells, 55 Minn. 61, 56 N. W. 460; Barrett v. Great Northern Ry. Co., 75 Minn. 113, 77 N. W. 540; Weisel v. Eastern Ry. Co., 79 Minn. 245, 82 N. W. 576.

Our conclusion is that the demurrer was properly sustained, and the order appealed from is affirmed.