THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE v. JOSEPH JACOBS.

No. 15,660.   (99 Pac. 817.)

SYLLABUS BY THE COURT.

1. DAMAGES — *Negligently Constructed Bridge — Liability of County.* A county, while engaged in building a bridge upon a public highway, acts as a subdivision of the state government, and is not liable for the negligent performance of such work unless expressly made so by statute.

2. ——— *Defective Bridge—Overflow of Land.* Under the provisions of section 579 of the General Statutes of 1901 a bridge is defective only when the defect affects its safety or usefulness as a part of the public highway.

3. ——— *Same.* A county constructed a bridge where the public highway crossed a stream. The bridge as constructed was in perfect condition for all the purposes of a highway, but by reason of the abutments being too low it obstructed the flow

Shawnee County v. Jacobs.

of the water during unusually heavy rains, so as to cause it to overflow adjacent farm lands and injure the crops thereon. *Held*, that section 579 of the General Statutes of 1901 does not create any liability against the county in favor of the owner of such lands.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed December 12, 1908. Reversed. Opinion denying a petition for a rehearing filed February 6, 1909.

*J. J. Schenck,* for plaintiff in error.

*L. H. Greenwood, T. F. Garver,* and *J. B. Larimer,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Shawnee county by Joseph Jacobs, to recover damages sustained by him on account of an overflow of water from Bourbony creek upon his farming land caused by a bridge erected across such creek by the county commissioners of Shawnee county. The plaintiff recovered judgment for $775, and the county brings the case here for review.

There are several questions discussed in the briefs of counsel, but in the view we have taken one only need be considered. The bridge was erected by the county, where a public highway crosses Bourbony creek near the plaintiff's premises. The bridge was so constructed that in time of very heavy rains the flow of water in the stream was obstructed and caused to flow upon the plaintiff's land. No other complaint is made. As a means of travel for persons passing along the public highway the bridge was in good condition. Upon these facts the question is presented whether or not the county is liable for the damages caused by the overflow of which the plaintiff complains. The law is well settled that counties, being organized for public purposes and charged with the performance of duties as

arms or branches of the state government, are free from liability for acts done while engaged in the performance of such duties, unless a liability is expressly imposed by statute. (7 A. & E. Encycl. of L. 950; *Eikenberry v. The Township of Bazaar,* 22 Kan. 556, 31 Am. Rep. 198; *Comm'rs of Marion Co. v. Riggs,* 24 Kan. 255; *Pfefferle v. Comm'rs of Lyon Co.,* 39 Kan. 432, 18 Pac. 506; *Lumber Co. v. Elliott,* 59 Kan. 42, 51 Pac. 894; *Cunningham v. Clay Township,* 69 Kan. 373, 76 Pac. 907; *Silver v. Clay County,* 76 Kan. 228, 91 Pac. 55.)

The general proposition decided in the foregoing cases is conceded to be the law of this state, but it is urged that a liability is expressly imposed in cases of this kind by section 579 of the General Statutes of 1901, which reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect."

It is apparent that the language used in this law does not clearly describe the defect here complained of, and to avoid this difficulty it is urged that the statute is remedial and should be liberally interpreted. The cases of *Reading Township v. Telfer,* 57 Kan. 798, 48 Pac. 134, 57 Am. St. Rep. 355, and *Vickers v. Cloud County,* 59 Kan. 86, 52 Pac. 73, are sufficient to show that this court has by the application of this rule of interpretation extended the meaning of this statute as far as its

language will permit. To make it apply to the facts here presented, it will be necessary to enlarge the meaning of the words "defective bridge" so as to include a structure which is in perfect condition so far as it serves the purpose of a public highway, and which is unobjectionable in any respect except that its abutments are so low that in times of unusually heavy rains it obstructs the flow of water to an extent sufficient to cause the adjacent lands to be overflowed. In our view this would extend this salutary rule of interpretation beyond reasonable limitations. Bridges such as are contemplated by this statute are those which constitute a .part of the public highway, and are not intended to serve any purpose other than to furnish a. safe means of transit to the traveling public. The primary object of this law was to secure good and safe highways for the use of the traveling public. It is not the purpose of the law to compel bridges to be so constructed that the natural flow of water in the stream over which they are built would not be obstructed in times of unusually heavy rains. The controlling inquiry in every action against a county under this statute is, Was the bridge, culvert or highway in question defective? If so, the county is liable; otherwise not. A bridge so constructed that it will not sustain its own weight and falls down, as in the case of *Vickers v. Cloud County,* 59 Kan. 86, 52 Pac. 73, is defective in every sense of the word, and might well be held to be defective within the contemplation of the statute. The county may have been negligent as against the plaintiff in not making the bridge larger and higher, although it appears to have been long enough and high enough to permit the free and unimpeded flow of the water of the stream except upon unusual occasions; but so far as the public is concerned the bridge was perfectly constructed and fully complies with all the requirements of a safe public highway. We can not say, therefore, that it was defective within the meaning of the statute.

Finally, it is insisted that in a case like this a county should be held liable upon general principles. Several cases have been referred to where counties were held liable when there was no statute imposing liability for the act of which complaint was made. We have examined the cases cited, but none of them decides the question here involved. In the case of *Haag v. The Board of Comm'rs of Vanderburgh Co.*, 60 Ind. 511, 28 Am. Rep. 654, the county was held liable for maintaining a nuisance. That state, however, does not recognize the distinction between corporations proper and *quasi*-corporations which has long prevailed in this state, and for that reason its decisions upon questions of this character are not authority here. (See *House v. The Board of Comm'rs of Montgomery Co.*, 60 Ind. 580, 28 Am. Rep. 657.) In the case of *Riddle et al. v. Deleware County, Appellant*, 156 Pa. St. 643, 27 Atl. 569, a mill-owner recovered against the county for so constructing a bridge across a stream at a highway crossing that it caused the water to back up against the mill and injure the property. The question as to the liability of the county was not discussed or decided. Apparently in that state counties are liable in such cases the same as natural persons, and therefore the decision throws no light upon the question involved in this case. In the case of *Schussler v. Board of Commrs.*, 67 Minn. 412, 70 N. W. 6, 39 L. R. A. 75, 64 Am. St. Rep. 424, the county commissioners constructed a dam across Minnehaha creek, and thereby materially reduced the flow of water to the plaintiff's mill, whereby he was injured. He recovered damages and obtained an order decreasing the height of the dam. We are unable to discover that any question was decided or discussed which is material in this case. It appears, however, that the county was maintaining the dam to serve a purely local purpose, under the authority of a special act of the legislature, which was conceded to be unconstitutional and void. The other cases cited need

not be considered, as they are in no degree helpful here.

In this case it can not be said, as was held in the case of *Hannon et al. v. The County of St. Louis et al.*, 62 Mo. 313, that the county was engaged in an undertaking personal to itself and not in the performance of a duty which devolved upon it as a subdivision of the state government. The duty of building bridges and maintaining the public highway has devolved upon the counties and townships of this state since its organization. In the performance of this duty the county acts as an agency of the state, and is no more liable for its acts while so engaged than the state itself would have been if doing the same work.

We conclude that the district court erred in entering judgment against the board of county commissioners, and its judgment is reversed, with direction to enter judgment in favor of the defendant for costs.

---

OPINION DENYING A PETITION FOR A REHEARING.

No. 15,660.

The opinion of the court was delivered by

GRAVES, J.: A petition for a rehearing has been presented in this case, wherein attention is called to the fact that this court, in reversing the judgment of the district court, ordered judgment against the plaintiff, Joseph Jacobs, for costs, without deciding whether or not he was entitled to an injunction as prayed for, and plaintiff requests that such question be decided now, or that the judgment of this court be modified so as to direct the district court to correct its judgment in this particular.

We appreciate the position of the plaintiff, but after a reëxamination of the record we are unable to see any way by which we can relieve the situation. Joseph Jacobs commenced the action as plaintiff, and stated in

his petition facts which he supposed entitled him to relief, both for damages sustained and by injunction to prevent further injury in the future. On a trial he was awarded damages, but no action was taken by the court to prevent a continuance of the wrong of which complaint was made. No request was made for a decision of the court upon this question. No exception was taken to the omission of the court to act in this matter. The county complained of the judgment against it for damages, and filed a petition in error in this court to obtain a reversal thereof. No cross-petition was filed by the plaintiff. It follows that nothing was before this court but the errors complained of by the county. Upon the reversal of the judgment for damages, judgment in favor of the county for costs followed as of course.

We regret that the apparent oversight of not deciding this question at the trial in the district court can not be corrected here, but the question is one over which this court has no jurisdiction, and we can do nothing. The remedy, if there is any, is in the district court. The petition for a rehearing is denied.