## ALEXANDER BOYD v. CITY OF DULUTH.[1]

June 5, 1914.

Nos. 18,784—(257).

**Judgment notwithstanding verdict for plaintiff.**

1. Evidence in an action for damages for personal injuries received by a child, who was struck by a timber which fell from the supports of a public bridge under which he was playing, considered and *held* such that the court would not have been warranted in ordering judgment notwithstanding the verdict, as against one to whom defendant owed any duty in the premises, on the ground that no negligence in the construction or maintenance of the bridge was shown.

[1] Reported in 147 N. W. 710.

---

Note.—On the question of municipal liability for injury by defects or obstructions on bridge, see note in 20 L.R.A.(N.S.) 571. And as to municipal liability for injury to travelers by defective bridges through defects in plan of construction, see note in 67 L.R.A. 268.

**Municipal corporation — care of bridges.**

2. Defendant's liability *held* not affected by a provision of its charter giving it general care and supervision over its public highways, bridges, etc.

**Defendant not bound to anticipate combination of circumstances.**

3. The injury complained of *held* to have resulted from an extraordinary combination of circumstances which defendant was not bound to anticipate, and, being chargeable with no duty of care with respect to the person injured, it was not answerable in damages for the injuries received.

Two actions in the district court for St. Louis county. They were tried before Fesler, J., who denied defendant's motion to dismiss the action and its motion for a directed verdict, and a jury which returned a verdict of $500 in the father's case and of $1,000 in the boy's case. From an order granting defendant's motion for judgment in its favor notwithstanding the verdict, plaintiff appealed. Affirmed.

*A. E. McManus* and *E. S. H. Martindale,* for appellant.
*Harvey Clapp,* for respondent.

PHILIP E. Brown, J.

Separate actions to recover damages for personal injuries, alleged to have been sustained by plaintiff's minor son, and consequential loss therefrom to plaintiff himself, through defendant's negligence. Plaintiff had general verdicts in each, which the court set aside on defendant's motion, ordering judgments for the latter notwithstanding. Plaintiff appealed.

The record discloses that for more than 20 years prior to the accident upon which these actions are based, defendant maintained, as a part of its highway open for travel, a trestle-work bridge across a ravine within the city limits. It was between 500 and 600 feet in length, and some 40 feet high over the deepest part of the ravine. On September 7, 1912, plaintiff's son, aged about five years, who was playing thereunder, near some workmen engaged in constructing a waterway, was struck and injured by a large timber which fell from the bridge supports while an automobile was passing above.

There was no evidence that any of the bridge timbers had previously fallen, or of any other accident under or about the bridge, or that any road or traveled track existed under the bridge; nor did it appear that persons habitually, or even occasionally, passed or went beneath it, or that, prior to the advent of the workmen mentioned, any person, except defendant's engineer, had ever gone under the same.

1. Several preliminary questions require disposition before the main point is reached.

The complaint alleged negligence in the original construction and also in maintenance of the bridge, as causes of the accident. Defendant contends neither was shown. If, however, there was evidence reasonably tending to support the verdicts, the order cannot be sustained on this ground. Bragg v. Chicago, M. & St. P. Ry. Co. 81 Minn. 130, 83 N. W. 511. Judgments notwithstanding the verdict cannot be ordered, merely because the evidence is such that had the trial court granted a new trial this court would have sustained its action. Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617. Furthermore, general verdicts are presumed to cover all issues. Dunnell, Minn. Prac. § 909. If it be conceded that the weight of the expert testimony was with defendant, yet the questions involved were matters with which the jurors must be presumed to have had some knowledge, thus rendering the opinion evidence alone inconclusive. Moratzky v. Wirth, 74 Minn. 146, 76 N. W. 1032. After an examination of the record, we hold that the court would not have been warranted in sustaining either contention as against one to whom any duty was owed in the premises.

2. It is not claimed, nor could it be successfully, that the doctrine of the turntable cases has any application. The child, however, was not a trespasser. No action for trespass lies against one deviating from the traveled portion of a highway, so long as he keeps within its confines.

3. Plaintiff relies somewhat on the following provision of defendant's charter:

"The common council shall have the care, supervision and control of all public highways, bridges, streets, lanes, alleys, public squares

and grounds, wharves and sewers, and all other public improvements and public property within the limits of the city, and shall cause all streets which may have been opened and graded under the authority of the city, or with its assent, to be kept open and in repair and free from nuisance."

We are unable to see how this provision enlarges liability. Plaintiff's rights, if any, exist without reference thereto.

4. We come now to the main question which may thus be stated: Assuming the verdicts established defective construction and maintenance of the bridge, and remembering plaintiff's son was not a trespasser, did defendant, in absence of statute, owe him any duty except to refrain from wilfully injuring him while he was at the place where the accident occurred? Clearly the finding of improper construction and maintenance could not alone establish liability; for other considerations are involved in the latter. Negligence is failure to use ordinary care, that is, the care demanded by particular circumstances. In the words of Mr. Bishop (Non-Contract Law, § 439) "The care must be what a prudent and reasonable man, taking into view the common course of things, would deem to be required in the particular case." Hence the conduct owed to one person with reference to the same subject matter may be wholly different from that due another, and the same conduct may impose a liability on the wrongdoer as to one but not as to another not similarly circumstanced. In the present case if, in consequence of the same acts or omissions, a traveler on the bridge had been injured, or if people had been in the habit of passing under it, a different question would have been presented, and no difficulty would be experienced in determining liability. But it does not follow that, because defendant would have thus been liable, plaintiff may recover. This bridge was constructed and maintained to go over, not under; which necessitates consideration of the doctrine of foreseeable consequences of neglect in the respects complained of as conditions of liability, not particularly as to plaintiff's son, but as to persons generally who might have been under the bridge. No principle is better established than that acts or omissions by one person followed by injury to another do not alone give rise to lia-

bility. If the conduct complained of be not wilful, it must constitute negligence, and the legal concept of the latter is composite and correlative, involving not only conduct with respect to some subject matter but also a duty to the person injured, or some class to which he belongs, of which the conduct constitutes a violation; and such duty, furthermore, when not specifically defined, is not to guard against all possible consequences of the conduct, but only against those which may reasonably be anticipated. As said by Mr. Justice Moody, in Atchison, T. & S. F. R. Co. v. Calhoun, 213 U. S. 1, 9, 29 Sup. Ct. 321, 323, 53 L. ed. 671:

"Even where the highest degree of care is demanded, still the one from whom it is due is bound to guard only against those occurrences which can reasonably be anticipated by the utmost foresight. It has been well said that 'if men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely in the known course of things.' Pollock on Torts (8th Ed.) 41."

To the same effect is the language of the court in Stone v. Boston, etc. R. Co. 171 Mass. 536, 541, 51 N. E. 1, 3, 41 L.R.A. 794:

"One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable. A high degree of caution might, and perhaps would, guard against injurious consequences which are merely possible; but it is not negligence, in a legal sense, to omit to do so."

This doctrine is fundamental. 1 Street, Foundations, 101. It has repeatedly been recognized and applied by this court. See Evans v. Goodrich, 46 Minn. 388, 49 N. W. 188; Freeberg v. St. Paul Plow Works, 48 Minn. 99, 50 N. W. 1026; McCallum v. McCallum,

58 Minn. 288, 59 N. W. 1019; Groff v. Duluth Imperial Mill Co.
58 Minn. 333, 59 N. W. 1049; Friedrich v. City of St. Paul, 68
Minn. 402, 71 N. W. 387; Murphy v. Great Northern Ry. Co. 68
Minn. 526, 71 N. W. 662; Schreiner v. Great Northern Ry. Co.
86 Minn. 245, 90 N. W. 400, 58 L.R.A. 75.

How can it be said, then, under the facts stated, that defendant
should reasonably have anticipated such an extraordinary combina-
tion of circumstances as that resulting in the injury in question,
or even the presence under the bridge of anyone not employed about
the same? When the structure was erected there was no occasion
to anticipate such an occurrence, and we find in the evidence no sug-
gestion of any subsequent change of conditions warranting a differ-
ent conclusion.

We have been referred to Vickers v. Board of Com'rs of Cloud
County, 59 Kan. 86, 52 Pac. 73, as establishing liability under
conditions similar to those here presented; but that case is not only
clearly distinguishable on the facts, but was determined under local
statute. It is not in point. See Board of Com'rs of Shawnee County
v. Jacobs, 79 Kan. 76, 99 Pac. 817, 21 L.R.A.(N.S.) 209.

We hold defendant not responsible.

Orders affirmed.