No. 30,804.

Orlando Payne, *Appellee,* v. The State Highway Commission of the State of Kansas, *Appellant.*

(16 P. 2d 509.)

Opinion filed December 10, 1932.

*Wint Smith,* assistant attorney-general, *Ralph M. Hope, Edward F. Arn,* both of Topeka, and *Kirke W. Dale,* of Arkansas City, for the appellant.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This was an action to recover damages from the state highway commission. The petition alleges the jurisdictional facts and recites the statutory provisions relating to the designation and construction of highways. It is then alleged:

"That prior to the accident complained of herein said defendant had designated a state highway over and across plaintiff's land, and created, in so far as the liability of the defendant was concerned, a state highway thereon, but had never acquired title thereto from said plaintiff or received permission from the plaintiff to go thereon or notified plaintiff of the route, location or boundaries thereof prior to leaving said state highway in a defective condition as hereinafter alleged.

"That defendant, in preparing the most advantageous route, entered upon plaintiff's farm as aforesaid, and drove numerous markers and heavy oak grade stakes, three and four inches square and from two to four feet in length, in numerous and divers places on plaintiff's property, and on and along the highway designated and selected by defendant over and across plaintiff's farm; that many of them were in the plowed and cultivated ground which plaintiff was tilling and farming, all of which the defendant well knew, and left nor

placed any sign, barrier, or marker of any kind to mark or indicate the bounds of said highway, and that plaintiff did not know and could not ascertain the route said defendant had selected and designated, and that the defendant repeatedly moved, changed and altered the route of said designated highway for plaintiff's land in seeking grades, curves and land to suit their purposes, all of which was without the consent, knowledge or permission of the plaintiff and wholly under the control and direction of the defendant.

"That defendant owed the duty to said plaintiff to use reasonable and ordinary care and diligence to mark the bounds of said highway and in setting said stakes so that the bounds of said highway and said stakes would be plainly visible, or to place barriers or markers thereon, and that said defendant owed the plaintiff the duty and obligation not to leave the bounds of said highway and said stakes unmarked and without any visible sign, barrier or warning in plaintiff's tillable land, where the defendant well knew that plaintiff would be required to plow, list, harrow and cultivate, and that said defendant knew, and in the exercise of ordinary diligence and prudence should have known, that unless the bounds of said highway were plainly marked and said stakes were removed from plaintiff's tillable land, or if left were plainly marked in such manner that. they could be seen and avoided, or entirely driven below 'plow depth,' or otherwise visibly marked and guarded against so that plaintiff in the exercise of reasonable care could avoid being injured thereby, that by reason of said defects injury to the plaintiff would likely result.

"That notwithstanding the duty defendant owed the plaintiff as aforesaid, said defendant caused, permitted and allowed to be driven and drove and permitted to remain on plaintiff's land, both tillable and otherwise, just mentioned, a large number of said heavy oak stakes, of a dirty brown color, which were practically invisible in the usual and ordinary work of tilling said land, and drove the same with the tops level with the top of the ground in a careless, defective and negligent manner, with no warning signs or indications of the location of said stakes or barriers, signs or markers indicating the route and boundaries of said highway.

"That defendant was further careless and negligent in hiring and retaining in its employ surveyors, agents, employees and engineers who drove the stakes on plaintiff's premises and allowed the same to remain, and whose names are unknown to the plaintiff, but all of which are known to the defendant, which surveyors, agents, employees and engineers were reckless, careless, negligent and in the habit of failing to plainly mark the bounds of the highway and in driving and leaving stakes on surrounding land near said plaintiff's property in a similar careless, reckless,. defective and negligent manner, all of which the defendant well knew, and when the defendant well knew and in the exercise of reasonable and ordinary care should have known that its surveyors, agents, employees and engineers would leave the stakes on plaintiff's premises in a dangerous, careless, defective, reckless and negligent manner.

"That on the —— day of April, 1930, while plaintiff was driving a four-horse lister on his aforesaid premises, pulled by two horses and two mules, in a careful and prudent manner and without contributory negligence on his part, and without notice or knowledge that he was passing over said designated state highway, the share of said lister struck one of the heavy hidden oak

stakes which had been driven and permitted to remain by defendant, and the blow caused the lister to be thrown to one side, breaking the tongue, startling his team, which jumped and pulled the lister over on said plaintiff in a sudden and violent manner, injuring him as hereinafter set out.

"That said stake left by the defendant in the aforesaid careless, negligent and defective manner, constituted a defect in the state highway which had theretofore been designated by the defendant as provided by law and which stake was used by the defendant in the construction work upon said highway and work incident thereto, and that since said accident said defendant has completed the construction of said designated state highway over the plaintiff's land, using the identical highway where said defect existed and has subsequent to said accident acquired from plaintiff the land taken and has marked off the sides, centers, and boundaries of said state highway."

It is further alleged that the plaintiff was severely injured; that he suffered extreme mental and physical pain; that his injuries were permanent, and that he was compelled to pay for medical service.

It is also alleged that notice and demand was made on the highway commission as provided by law. The prayer is for $20,000. A general demurrer was filed to the petition, which was overruled by the court. This ruling of the court is here for review.

The issues raised can be better understood by giving the appellee's theory of the action. The appellee seeks to recover under and by virtue of the statute which creates a liability against the state for damages growing out of defective highways. The statute provides:

"Any person who shall without contributing negligence on his part sustain damage by reason of any . . . defect in a state highway, . . . and for any damage so sustained the injured party may sue the state highway commission, . . . " (R. S. 1931 Supp. 68-419.)

The right of action under this statute is not founded on the law of negligence. Diligence on the part of officials is no defense if the highway is defective within the terms of the statute, and conversely the lack of due care on the part of the officials does not of itself create liability. Negligence enters into the case only on the part of the party sustaining the injury, and may defeat recovery. The liability is statutory. (*Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762, and cases there cited. See, also, *Hollinger v. Dickinson County*, 115 Kan. 92, 222 Pac. 136; *Gorges v. State Highway Comm.*, 135 Kan. 371, 10 P. 2d 834.)

The allegations of negligence contained in the petition are of no consequence. The petition stripped of these allegations contains the following facts: The appellant had designated a state highway

over and across appellee's land but had not acquired the title thereto or notified the appellee that the route had been designated. For the purpose of designating the course of the route the appellant had driven into the ground oak stakes three to four inches square and two to four feet in length. The top of the stakes was level with the ground and not below plowing depth. The appellee drove a lister in operation across the designated highway without knowing of the existence of the stakes. The lister struck one of the stakes, without negligence on his part, which resulted in his injury.

We do not find, and our attention has not been called to, any statute providing a formal procedure for the establishment of a state highway. The state highway commission is directed by statute as follows:

"That the state highway commission shall designate, adopt and establish and may lay out, open, relocate, alter, vacate, redesignate and reëstablish highways in every county in the state, . . . Highways designated under this act shall be state highways, and all other highways shall be either county roads or township roads as provided for elsewhere in the Kansas statutes. The state highway system thus designated shall be constructed, improved, reconstructed and maintained by the state highway commission from funds . . ." (R. S. 1931 Supp. 68-406.)

The appellee contends that under this statute designation creates the highway and likewise the responsibility of the state to keep it free from defects, and that a defect therein subjects the state to liability in the event of injury. The appellant argues that liability does not come into existence until the highway is open to public use.

In the case of *Reading Township v. Telfer,* 57 Kan. 798, 48 Pac. 134, the court in passing on the statute relating to the liability of townships for defective highways, which is in substance identical with the statute under consideration, held that it was not necessary that the highway should first be improved and then allowed to become defective to create liability. This rule, we think, is equally applicable to the statute under consideration.

In *Vickers v. Cloud County,* 59 Kan. 86, 52 Pac. 73, it was held:

"A county is liable to any person who, without contributory negligence, is injured by the fall of a defective bridge while such person is at work under the bridge. The statute giving the right of action applies as well to those who are rightfully under the bridge as to those who are traveling over it."

In the case of *Shawnee County v. Jacobs,* 79 Kan. 76, 99 Pac. 817, this court held that a bridge in perfect condition for all purposes

of a highway was not defective although its abutments obstructed the flow of water and injured the plaintiff's crops. In the opinion the court said:

"The controlling inquiry in every action against a county under this statute is, Was the bridge, culvert or highway in question defective? If so, the county is liable; otherwise not. A bridge so constructed that it will not sustain its own weight and falls down, as in the case of *Vickers v. Cloud County*, 59 Kan. 86, 52 Pac. 73, is defective in every sense of the word, and might well be held to be defective within the contemplation of the statute." (p. 79.)

The appellee says that the Vickers case establishes the rule that the liability is not limited to persons using the highway for travel. We agree; but in the Jacobs case it was held the responsibility of the state was to maintain the highway safe for public travel, and if safe for travel it was not defective. A highway is not defective unless the alleged defect affects the use for which it was created. Highways are created for the use and convenience of the traveling public and are not intended to serve any purpose other than to furnish a safe means of transit for the traveling public. It is a way for travel and not a place for the cultivation of the soil. It does not appear that the alleged defect would interfere with the proper use of the highway. The top of the stake was level with the surface of the ground. Ordinarily a level surface is a safe place for travel. It was defective for the operation of a lister, but was not a defective highway.

There may be a defect in a state highway before it is improved or constructed, but liability under the statute does not arise until such highway is open for travel. This is the fundamental basis of liability. Designation is the first step in the establishment of a state highway, but does not necessarily open it for travel. It is not open for travel until there has been extended to the public an invitation, expressed or implied, to use such highway. When a highway is open for travel may, under certain circumstances, be a question of law for the court. On the other hand, cases may arise where it would be a question of fact for the jury to determine under all of the circumstances of the particular case. It is clear to us that the legislature did not intend liability should arise against the state for defects on the mere designation of a strip of land as a highway. The construction of the highway must have reached a point where the ordinary prudent person would be warranted in believing that it was open to public use and a safe place to travel. In this

case the appellee did not know that it was a public highway. He was not attempting to use the strip of land as a means of transit and there was no invitation to use it for such purpose. This court is not warranted in interpreting into the* statute a liability which the state clearly did not assume.

It is contended by the appellee that if the designation did not create a highway the petition, in any event, states a cause of action which may be maintained by virtue of R. S. 1931 Supp. 74-2001. In this statute it is provided:

"That there is hereby created a state highway commission which shall be a body corporate with power to sue and be sued."

It is argued that this statute contained a general consent to sue the commission and that an action in tort may be maintained as well as an action on contract. The constitution authorizes the state to construct and maintain a state system of highways and to levy certain special taxes therefor. (Art. 11, §§ 8, 9.) It was necessary, to execute the authority thus granted, for the legislature to create a body corporate to construct and maintain a system of highways. To accomplish this end it was necessary that such body corporate should have the right to make contracts binding upon itself, which of necessity subjected it to the power of the court to compel performance. The right to sue and be sued under such circumstances was necessarily implied under the power granted, and the express authority contained in the act cannot be interpreted as extending the consent to be sued in tort. This is made clear by the fact that in the same act the legislature definitely provided under what circumstances the commission might be sued in tort. (R. S. 1931 Supp. 68-419.)

In the case of *McCandliss Construction Co. v. Neosho County Comm'rs*, 132 Kan. 651, 654, 296 Pac. 720, this court had under consideration this question, and said:

"Appellant argues that since by section 23 of the act it is specifically provided that the state highway commission may be sued for torts under certain circumstances, this is the only class of suits which the legislature intended should be brought against the state highway commission. We regard that construction of the act as untenable. Liability on contract and in tort is quite distinct. Had section 23 not been in the act the state highway commission could have been sued on its contracts which it made, or by statute became liable for; but there could have been no action against the state highway commission for torts without a special provision such as section 23 being made therefor, and that was the obvious purpose of including section 23 in the act."

This is in accord with the holdings of the courts generally on this question, and there is no reason why this court should not adhere to the rule thus announced. We are constrained to hold that the court erred in overruling the demurrer.

The judgment is reversed, and the court is directed to sustain the demurrer to the petition.