# THE

# New York Supplement

## VOLUME 51,

AND

## New York State Reporter,

## VOLUME 85.

(2.: App. Div. 445.)

### ZIMMERMANN v. UNION RY, CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

IMPUTED NEGLIGENCE.

    A gratuitous passenger, riding with the owner of a vehicle, and taking no part in the management of the horse, is not rendered chargeable with the driver's negligence merely because he makes suggestions concerning the route to be taken.

    Appeal from trial term, Westchester county.

    Action by Philip Zimmermann, as administrator of Lawrence Zimmermann, deceased, against the Union Railway Company of New York City. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

    Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

    Ralph Hickox, for appellant.

    Herbert R. Limburger (Nathan Ottinger, on the brief), for respondent.

    GOODRICH, P. J. The action is for damages resulting from the death of Lawrence Zimmermann, on June 1, 1894. He was riding in a wagon, and crossing defendant's street railway, when the wagon was struck by one of defendant's cars, and overturned, and Zimmermann received injuries resulting in his death, on July 5th. This is the second appeal in this action, the first being from a judgment directing the dismissal of the complaint. 3 App. Div. 219, 38 N. Y. Supp. 362.

    51 N.Y.S.—1

The evidence shows that Zimmermann was invited by Madden, the owner and driver of a peddler's wagon, to ride with him towards the city of New York. In the wagon were two other persons, but Madden was driving. He was somewhat unfamiliar with the route, and received directions, from time to time, as to the route he was to pursue. The only evidence which the defendant relies upon as showing or tending to show that he took any part in the management of the horse or driving occurred on the cross-examination of Madden:

"Q. And he told you about the tracks you would have to cross and the roads you would have to take? A. He told me to drive right across. I knew the road to take all right to drive to Third avenue, but he said this was the shortest way to drive across when I came to Boston avenue. Q. He was giving you directions how to go while he was in the wagon? A. He told me once or twice about it, but he didn't tell me no more. Q. You did not know the way back? You had not been over that route? A. No; I hadn't drove across Boston avenue. Q. And it was Mr. Lawrence Zimmermann who was giving you the directions which way to go, was it not? A. Yes, he gave me directions."

The learned justice correctly charged that if Zimmermann, by reason of the position in which he had been placed with reference to the danger from the approaching trolley car, was able to see and to communicate to the driver the danger which was apparent, it was his duty to do so; but he also charged that, under the circumstances, the negligence of the driver of the wagon, if any negligence is found to exist on his part, must be imputed to the passenger, the plaintiff's intestate. The plaintiff's counsel excepted to so much of the charge as stated that "any negligence on the part of the driver must be imputed to plaintiff's intestate," and requested the court to charge that plaintiff's intestate was not chargeable with any negligence on the part of the driver, if negligent he was. This the court refused, and the plaintiff excepted. The plaintiff's counsel also excepted to so much of the charge as stated "that, in order for the plaintiff to recover, it must appear that this accident was solely due to the negligence of the defendant," and requested the court to charge "that, if the jury find that the plaintiff's intestate was not negligent, the plaintiff may still recover if the accident was caused by the negligence of both the defendant and the driver of the wagon." This was refused, and exception taken. The plaintiff's counsel also requested the court to charge "that the plaintiff's intestate, as a gratuitous passenger or guest of Madden, the driver, was not chargeable with the driver's negligence, if negligent he was." This was also refused, and exception taken.

It seems very evident that this charge arose from the misunderstanding of the learned justice as to the evidence which had been given in relation to the control which the plaintiff's intestate was exercising over the driving of the wagon, or that his attention was not specifically called to the evidence upon the subject. This charge and exceptions raise the question whether the negligence of the driver, if there was any, was imputable to the deceased. It was based upon the supposition that he was directing, not the line of route, but the management of the horse, and was instructing the driver in this particular. If this had been the uncontroverted fact, then the negligence of the driver in carrying out Zimmermann's directions would be imputable to the latter, but there was no evidence upon which such assumption could

be based. The plaintiff was a gratuitous passenger riding with Madden, and it needs no citation of authorities that, under these circumstances, a gratuitous passenger is not chargeable with the negligence of the driver. The charge of the court in that respect was reversible error, for which a new trial should be granted.

Judgment and order reversed, and a new trial granted. All concur.