No. 19,603.

FRED ANTHONY, *Appellee,* v. IDA A. KIEFNER and LYNN KIEF-NER, *Appellants.*

SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Negligence of Driver—Negligence Not Imputable to an Invited Guest.* A mother accepted the invitation of her son to ride in his automobile merely as his guest, and as she had no control and took no part in the management of the automobile she is not responsible for injuries inflicted upon another by the negligence of her son in driving the automobile.

2. SAME—*Mother a Guest of Son—Negligent Driving of Son—Personal Injuries—Mother Not Responsible.* If the journey had been undertaken as a joint enterprise to accomplish a common purpose for the benefit of both one of them might have been regarded as the agent of the other and she might have been responsible for injuries inflicted by the negligent operation of the automobile, but it is held that her mere request of her son that sometime during the ride he should call at a certain house and obtain a cake that a friend had promised to make for her did not make the trip a joint enterprise nor make her responsible for the negligence of her son nor for injuries to which she did not personally contribute.

3. SAME. The mere fact that the mother, who was sitting by the side of her son and as his guest, did not protest against his action when he drove his automobile at an excessive rate of speed for the distance of a little more than a city block, at the end of which an injury was inflicted, can not be held as culpable negligence on her part which would make her liable for his negligence and the resulting injury.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed July 10, 1915. Affirmed in part and reversed in part.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *S. A. Buckland,* all of Wichita, for the appellants.

*W. A. Ayres,* and *J. D. Houston,* both of Wichita, for the appellee; *C. H. Brooks,* and *Earl Blake,* both of Wichita, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: Fred Anthony brought this action against Ida A. Kiefner and her son, Lynn Kiefner, to recover damages for negligently and carelessly causing the death of his wife, Josie May Anthony. From a judgment against them defendants appeal.

It appears that on May 24, 1913, at about six o'clock p. m., Mrs. Anthony, accompanied by her three small children, was driving westward on the north side of Douglas avenue in the city of Wichita. Upon coming to Poplar street she crossed the intersection diagonally toward the south, passing in front of an eastbound street car which had stopped at the crossing to discharge passengers. Before Mrs. Anthony had driven quite to the west side of Poplar street her buggy was struck by the automobile being driven, in an easterly direction, by defendant Lynn Kiefner, and she was thrown over the top of the automobile and a distance variously estimated by the witnesses at from thirty to seventy-five feet. From the injuries sustained Mrs. Anthony died shortly afterward. There was testimony that the automobile was being run at a rate of about thirty miles an hour and in a careless manner. The jury found that there was nothing to prevent Mrs. Anthony from seeing the approaching automobile had she looked before passing in front of the street car, and also that if either of defendants had exercised reasonable care the accident could have been avoided. The ordinances of the city regulating the speed of automobiles and fixing the right of way of vehicles on the principal streets were introduced in evidence. The evidence tended to prove that the automobile was owned and managed solely by Lynn Kiefner, and that Ida A. Kiefner, his mother,

was riding in it at his invitation. Defendants' separate demurrers to plaintiff's evidence were overruled. The jury found for plaintiff against both defendants for $5500, and returned answers to special questions submitted by defendants. Separate motions for a new trial were overruled, and defendants bring the judgment rendered to this court for review.

The principal complaint is of the judgment against Ida A. Kiefner and of rulings affecting that judgment. Of the negligence of Lynn Kiefner there can be no question, and while there is a claim that Mrs. Anthony, who was killed in the collision, was guilty of contributory negligence, there is nothing substantial in the claim that it bars a recovery. The most that can be said of his contention is that the testimony raised a question of fact as to her negligence which the jury has decided against him.

In respect to Mrs. Kiefner it is contended that she had nothing to do with the operation or control of the automobile, and therefore her separate demurrer to plaintiff's evidence should have been sustained. She also contends that the verdict and findings of the jury are without support and were probably induced by the instructions of the court about which complaint is also made. She insists that she was a mere guest or passenger in the automobile, and that the negligence of Lynn Kiefner, the owner and driver of the automobile, is not imputable to her. If she was only a guest of his and had no control of the automobile or of the operator his negligence can not be imputed to her. It was determined in *City of Leavenworth v. Hatch,* 57 Kan. 57, 45 Pac. 65, 57 Am. St. Rep. 309, that a person riding in a private conveyance by invitation of its owner is not responsible for his action, and that his negligence which contributes to an accident can not be imputed to the guest. In *Reading Township v. Telfer,* 57 Kan. 798, 48 Pac. 134, 57 Am. St. Rep. 355, a man accompanied by his wife was driving over a defective highway and she was injured. In her action to recover from the township it was insisted that her husband was guilty of contributory negligence and that she was chargeable with his negligence. There was no personal negligence on her part, but it was claimed that in a sense her husband was her agent, that the visit was undertaken on her solicitation, and that, therefore, negligence on his part

which contributed to the injury was imputable to her. Upon these claims the court said:

"The fact, if it be such, that the journey was undertaken at the solicitation of the wife, possesses no weight. It can not be that one who merely secures from another the favor of transportation in a private vehicle takes upon herself or himself all risk of the driver's negligence *en route*. To so hold would minimize the problem for consideration into a mere question of fact as to which of the travelers solicited the other; the one the favor of a journey, or the other the pleasure of company. If the one who asks to be carried, hence is the master, so on the other hand the one who invites to a ride is also the master. If the maiden who begs of her escort a carriage drive is the mistress throughout the journey, so the gallant who invites his lady would likewise be the master until her safe return. It may be conceded that persons of mutual purpose and equal privileges of direction and control, who travel in the same vehicle in pursuit of a common object, are the agents of each other in such a sense that the negligent act of one in furtherance of the common scheme is imputable to all; but such mutuality or equality of direction and control does not exist in the case of a journey taken by husband and wife." (p. 801.)

It was there recognized that there was a conflict in the authorities upon the question, but it was held that negligence could not be imputed to a guest or passenger, and it was further stated that:

"The doctrine of imputable negligence, except when countenanced by statute, is a fiction of the law which finds small favor with the courts, and has been very infrequently applied in our own." (p. 803.)

In *Bush v. Railroad Co.,* 62 Kan. 709, 64 Pac. 624, a finding that a lady riding with her escort for mutual pleasure was herself guilty of contributory negligence was upheld, but the decision against her right of recovery was based upon her own negligence and not upon that of another imputed to her. *Railway Co. v. Bussey,* 66 Kan. 735, 71 Pac. 261, is somewhat like the case last cited, but, as in that case, the subject of imputed negligence was not presented for consideration nor applied in the decision. The question came up again for decision in *Williams v. Withington,* 88 Kan. 809, 129 Pac. 1148, in which it appears that a woman and her children were riding in a buggy drawn by a horse driven by the husband, and a person driving an automobile in the opposite direction negligently collided with the horse and buggy and injured her. In her action to recover damages it was contended that her husband was negligent, and that his negligence was imputable to her

and barred a recovery. It appears that she did not exercise or attempt to exercise any control over the horse, buggy or driver, and it was held that she had a right to trust her husband to drive the horse safely, and that his negligence could not be imputed to her. In the late case of *Corley v. Railway Co.,* 90 Kan. 70, 133 Pac. 555, a man was riding in an automobile as the guest of the driver. In a collision with a railway train the occupants of the automobile were killed. The wife of the guest brought an action on the basis that her husband's death was due to the negligence of the railway company. It was claimed by the railway company that the collision resulted from the negligence of the driver of the automobile and that the guest was chargeable with his negligence. In speaking of the claim the court said:

"The doctrine that one who voluntarily becomes a passenger in a conveyance thereby so far identifies himself with the driver that he can not recover for an injury negligently inflicted by a third person, if the driver's negligence was a contributing cause, never gained much of a foothold in this country, and is now repudiated in England, where it originated. The history of its rise and decline is traced in a note in 8 L. R. A., n. s., 597, where cases are gathered illustrating all phases of the subject. Save in a few jurisdictions the negligence of a driver can not be imputed to a passenger who in fact has no control over him. (Note, 9 A. & E. Ann. Cas. 408; Note, 19 A. & E. Ann. Cas. 1225; Note, Ann. Cas. 1913 B, 684; see, also, *Denton v. Railway Co.,* 90 Kan. 51, 133 Pac. 558.) This rule applies in the case of a guest who is riding with the driver for their mutual pleasure. (29 Cyc. 548-550; Note, 8 L. R. A., n. s., 648; 7 A. & E. Encycl. of L. 447, 448.)" (p. 73.)

The chief reliance, however, of plaintiff was that Mrs. Kiefner was herself guilty of negligence by participating in and approving the unlawful speed. It appears that the automobile had been recently purchased by Lynn Kiefner and was exclusively owned by him. Mrs. Kiefner had never ridden or even seen the automobile before the time in question, although she had driven and operated other cars. She accepted his invitation to ride in the car and, for the purpose of trying the car, during the ride she took her place at the wheel and drove the car for about three blocks, whereupon her son resumed his place at the wheel. In answer to a question the jury said that while she was at the wheel she had driven the car at an immoderate rate of speed. This is not a material matter, but the answer is not supported by the testimony, as the evidence

Anthony v. Kiefner.

given by plaintiff's witnesses as well as that of the defendant was to the effect that during the short time she was at the wheel she drove at a moderate rate of speed. Of course, if she aided or participated in the wrong she is responsible for the resulting injury. The jury found that both her son and herself were managing the car when the accident occurred, and in answer to a question what she had to do with the management answered, "Directing its destination." The only basis for the finding is that while on the ride as the guest of her son she told him that she would like to stop at the Norris place and get a cake which Mrs. Norris promised to make for her, and Lynn Kiefner expected to call there during the journey. This request and circumstance did not indicate that she had either management or control of the car, nor did it give the journey the character of a joint enterprise. If they had set out on a business errand, to collect cakes or the like, instead of a pleasure ride, or if in executing any common purpose in which both were exercising control, or in any case where one might be said to be the agent of the other, it might be held that there was a joint adventure and a joint liability. The call proposed to be made on the trip was a mere incident of the ride and created no more responsibility for the driver's act than if he had been operating a taxicab or some other public conveyance. In no sense did her request create the relation of principal and agent or master and servant between them, nor give the journey the character of a joint enterprise. The fact that an owner of an automobile who has invited a guest to ride with him takes a particular course at the request and for the pleasure or convenience of the guest does not indicate management of the automobile nor result in responsibility of the guest for the conduct of the owner and operator. That was the holding in the Telfer case, where the driver went upon a visit at the request of his wife. It was expressly decided that the fact that the journey was made at her solicitation added no weight to the claim that she herself was negligent or that she was responsible for her husband's negligence, the court saying:

"It can not be that one who merely secures from another the favor of transportation in a private vehicle takes upon herself or himself all risk of the driver's negligence *en route*." (*Reading Township v. Telfer*, 57 Kan. 798, 801, 48 Pac. 134, 57 Am. St. Rep. 355.)

In *Zimmermann v. Union R. Co.,* 28 App. Div. 445, in 51 N. Y. Supp. 1, it was held:

"A gratuitous passenger, riding with the owner of a vehicle, and taking no part in the management of the horse, is not rendered chargeable with the driver's negligence merely because he makes suggestions concerning the route to be taken." (Syl.)

In *Robinson v. N. Y. C. & H. R. R. R. Co.,* 66 N. Y. 11, 23 Am. Rep. 1, it was decided that:

"A female who has accepted an invitation to take a ride with a person in every way competent and fit to manage a horse, is not chargeable with his negligence, and contributory negligence on his part is no defence to an action against a railroad corporation for injuries resulting from a collision." (Syl. ¶ 1.)

. (See, also, *The Town of Knightstown v. Musgrove,* 116 Ind. 121, 18 N. E. 452, 9 Am. St. Rep. 827; *Hajsek v. Chicago, B. & Q. R. Co.,* 68 Neb. 539, 94 N. W. 609; *Little v. Hackett,* 116 U. S. 366, 6 Sup. Ct. Rep. 391, 29 L. Ed. 652; *Union Pac. Ry. Co. v. Lapsley,* 51 Fed. 174, 2 C. C. A. 149, 16 L. R. A. 800; Babbitt, The Law Applied to Motor Vehicles, § 608.)

The cases cited deal with the question of the personal negligence of the guest as well as the imputed negligence, and most of them are cases where the guest or passenger is seeking a recovery for injuries resulting from the negligence of a third party and to which the driver's negligence may have contributed. In some of the cases, as in *Bush v. Railroad Co.,* 62 Kan. 709, 64 Pac. 624, and *Railway Co. v. Bussey,* 66 Kan. 735, 71 Pac. 261, a recovery was denied because the guest or passenger did not take the required care for himself, and counsel for plaintiff inquire whether a passenger owes a greater duty towards himself than to others. A person is required to take reasonable care for his own protection, and where he is injured and seeks a recovery for the negligence of another he may be held to have been guilty of contributory negligence if he rides with one known to be a reckless driver or in a vehicle known to be unsafe. If in starting upon a trip he discovers that the driver is running the car recklessly it may devolve upon him to insist that the driver shall stop the car and allow him to alight or to take some suitable steps for his own protection, and if he failed in this regard he might be denied a recovery for injuries subsequently sustained. In such case and where the passenger has no control of the automobile

he might be held guilty of contributory negligence, whereas another passenger who had likewise no control of the automobile and no relation to the driver other than that of guest or passenger would not be liable to one injured by reason of the negligence of the driver. (*Simeone v. Lindsay,* 6 Pennewill [Del.], 224, 65 Atl. 778; Davids, The Law of Motor Vehicles, § 236.) As already stated, if Mrs. Kiefner had undertaken to keep an outlook and failed, or if she had even a slight share in the management of the car or if the unlawful speed had been made at her instance and request, or if in any way she had personally participated in inflicting the injury, she might be held liable for the resulting injury. It appears that the unlawful speed was attained by the driver while traveling a little more than a block. She was sitting alongside of the driver, it is true, and it is said made no protest against the speed nor any effort to stop the driver. It is difficult to understand how so great a speed was attained in going from a full stop in the distance of a little over a block, but the testimony is that at the time of the collision the car was going at a rate of thirty miles an hour. It is clear that the rate was unlawful, but the question is, What could the guest have done in that distance and what should she have done? There is nothing to show that she encouraged or approved the speed, and while a guest may make a suggestion or protest against the method of operating an automobile it might be that the attempt, however well intended, to stop the car or interfere with the control of the driver might bring greater hazards and worse results than would come from undue speed alone. There is no basis for the theory of the plaintiff and the jury that Mrs. Kiefner consented to the unlawful speed beyond the fact that she did not protest or interfere with the operation of the automobile in the few seconds that elapsed while they were traveling a little more than the length of a city block. It is clear that the finding of the jury that she was managing the car by directing its destination is contrary to the evidence and that neither the evidence nor the findings justify the verdict rendered against Ida A. Kiefner.

Whether there is any testimony which even tended to support the claim that the injury was due in part to Mrs. Kiefner's negligence and made it a question of fact for submission to a

jury is a subject about which there may be a division of opinion. It is the view of the court, however, that the testimony produced did not show that she had anything to do with the management or control of the automobile, did not tend to prove that the journey was in any sense a joint adventure of the driver and herself by which one can be regarded as the agent of the other, nor did it show that there was any personal negligence on her part which would make her liable for the collision and the resulting injury.

The demurrer of Ida A. Kiefner to the plaintiff's evidence. therefore, should have been sustained and judgment should have been given in her favor, and hence a modification of the judgment must be made. The judgment against Lynn Kiefner is affirmed, while that rendered against Ida A. Kiefner is reversed and the cause remanded with directions to enter judgment in her favor.