No. 29,991.

DAISY M. LINK, *Appellee*, v. F. P. MILLER, W. B. DAVIES and BERNICE DAVIES, *Appellants*.

(300 Pac. 1105.)

Opinion filed July 3, 1931.

*Dallas W. Knapp, Carl Ziegler, Charles E. Welch,* all of Coffeyville, and *Grant Waggoner,* of Baxter Springs, for the appellants.

*Harold McGugin,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover damages for injuries suffered in an automobile collision. Plaintiff recovered. Defendants appeal.

The facts are simple. Appellee was riding in the rear seat of an automobile. Appellant Miller was driving the car east on highway 166. His wife, the sister of appellee, was in the front seat with him. The brother of Mrs. Miller and Miss Link had died at a town in Missouri. They were on the way to the funeral. The day before, Mrs. Miller, who lived at Coffeyville, had called up Miss Link, who lived in Oklahoma. She told her that if she would come to Coffey-

ville on the train they would take her to the funeral and bring her back to Coffeyville. When the car reached the intersection of highway 166 with highway 7 a collision occurred between it and a car driven by appellant, Bernice Davies, which was being driven east thereon. Both cars were traveling at the rate of from thirty to thirty-five miles an hour when the collision occurred. Miss Link was injured. She brought suit against F. P. Miller, who was driving the car in which she was riding, and Bernice Davies, who was driving the other car, and her father, W. B. Davies, who was riding with her. The jury returned a general verdict for plaintiff against Mr. Miller and Bernice Davies. It excused W. B. Davies from liability. It also answered special questions as follows:

"1. Do you find that at the time of the injuries to the plaintiff, Daisy M. Link, that she and the defendant, F. P. Miller, were engaged in a common enterprise, as that term is defined by the court? A. No.

"2. Do you find that the defendant, Miller, in driving to the scene of the collision crossed other intersections of highway, approaching said intersections and crossing the same at a rate of speed more than fifteen miles per hour? A. We don't know.

"3. If you answer the above question 'Yes,' do you find that the plaintiff made any protest to him as to such speed or cautioned him with reference thereto? A. ——.

"4. If you answer the above question 'Yes,' please state what you find that the plaintiff, Daisy M. Link, did in the way of protesting to or cautioning the defendant, F. P. Miller? A. ——.

"5. How wide do you find that the main intersection of the highway was where the collision occurred? A. Thirty feet.

"6. When the plaintiff was at a point 200 feet from the point where the collision occurred, were there any obstacles which would have prevented her from seeing the Davies automobile coming south toward the intersection which she was about to cross? A. No.

"7. If the plaintiff, Daisy M. Link, had looked to the left when she was at a point 200 feet from the point where the collision occurred, or at any time after that time and prior to the collision, could she have seen the Davies car approaching the point where the collision occurred? A. Yes.

"8. What, if anything, do you find the plaintiff did to prevent the collision of the car in which she was riding with the Davies car? A. No control.

"9. If you find for the plaintiff and against the defendant, F. P. Miller, please state fully all the negligence of which you find the defendant, Miller, guilty. A. Violating state law regarding rate of speed on the intersections.

"10. If you find for the plaintiff, how much do you allow her for: (a) Loss of time? A. $500. (b) Pain and suffering? A. $250. (c) Medical expenses? A. $250. (d) Permanent injury? A. ——.

"11. At what rate of speed was the Miller car moving at the time of the collision? A. We don't know.

"12. Was the Davies car standing still at the time of the collision? A. No.

"13. If you answer the preceding question in the negative, at what rate of speed was the Davies car moving at the time of the collision? A. We don't know.

"14. Had any part of the Davies car passed the center of the road running east and west at the time of the collision? A. No.

"15. Do you find the defendant, Bernice Davies, in driving the Davies car was on her own separate business? A. Yes.

"16. Was the defendant, Bernice Davies, guilty of any negligence that contributed to and was the proximate cause of any injury to the plaintiff? A. Yes.

"17. Did the plaintiff warn or remonstrate with the defendant, F. P. Miller, on account of the rate of speed he was driving said car as it approached, or drove across, said intersection where the collision happened? A. No."

Appellants contend that the judgment should be reversed because, first, appellant Miller and appellee were engaged in a joint venture when the injury occurred and that the negligence of Miller in driving upon the intersection at an unlawful rate of speed is attributable to appellee; second, that appellee was guilty of contributory negligence, which caused her injury; and third, that the negligence charged by appellee in her petition and found by the jury was not the proximate cause of the injury. The other questions raised will be settled when we have answered the above.

As to the contention of appellant that Miss Link and Mr. Miller and his wife were engaged in a joint venture, the jury answered that in the negative. No complaint is made of the instructions under which that was submitted. The evidence was that Mrs. Miller had called her sister and invited her to come to Coffeyville and ride to the funeral with them. There is no evidence that she was bearing any of the expenses. She was riding in the back seat. The evidence that she had any control over the management or direction of the car was very meager. Appellant calls attention to the fact that all were on their way to the funeral. He argues that since they were on the journey for a common purpose the venture was a joint one. The fact, however, that the trip upon which people are engaged has a common purpose is not conclusive upon the question of joint venture. All the surrounding facts and circumstances must be considered. The decision turns upon whether there was mutual purpose and equal privilege of direction and control and whether they were traveling in the same vehicle in pursuit of a common object. (*Anthony v. Kiefner*, 96 Kan. 194, 150 Pac. 524, and cases there cited.) The instruction under which this question was sub-

mitted to the jury was drawn upon that theory. The jury answered the question in the negative. There was ample evidence to warrant it in reaching that conclusion. We see no reason why it should be disturbed.

Appellant urges that this case comes under the rule announced in the case of *Ferguson v. Lang,* 126 Kan. 273, 268 Pac. 117, where this court held that a passenger in an automobile has a duty to exercise due care for his own safety against the possibility of collision with another automobile at an intersection of public crossroads, and that a failure to exercise that duty would bar a recovery of damages. He points out the evidence that there were no obstructions to the sight at the intersection in question—that the jury found that at a point 200 feet from the intersection appellee could see the automobile coming from the south and that she failed to warn the driver of the car as he approached it and failed to make any effort to avert the collision. He points out further the finding of the jury that if appellee had looked to the left when she was at a point 200 feet from the point where the collision occurred, at any time after that and prior to the collision, she could have seen the Davies car approaching.

We have concluded that there is evidence in this record which takes the case out of the rule referred to above. It was not the duty of Miss Link to remonstrate or take steps to leave the car until the danger became apparent. (*Naglo v. Jones,* 115 Kan. 140, 222 Pac. 116.) At the rate the car in which appellant was riding was traveling as it approached the intersection about ten seconds elapsed between the time when the jury found that appellee could first see the approaching car till the collision occurred. When she first saw the car she was not in a dangerous position. She had a right to expect the driver to manage the car so as to avoid a collision. She was not in a place of danger till the car reached a point near enough to the intersection that she could see it could not be stopped or slowed up quickly enough to avoid a collision. At that point what was there that she could do? Appellant Miller testified that he did not stop or slow up because the Davies car was coming from his left and he thought that since he had the right of way the driver of that car would stop or slow up and let him by. Since he had this idea in his mind if Miss Link had screamed when 200 feet away that there was a car coming—"Look out"—or if she had asked him to stop he would have answered, "I have the right of

way," and would have driven ahead. The only thing left for her to do would have been to jump out of the car. This is not contemplated by the rule laid down in any of the cases. We conclude that Miss Link was not guilty of such negligence that would bar her recovery.

Appellant next argues that the negligence of F. P. Miller charged in the petition and found by the jury was not the proximate cause of the injury. This argument is based on the claim that it was not the speed at which appellant was going that caused the injury, but the fact that Miller approaching the crossing observed the Davies car the same distance from the crossing, and continued to drive toward the place of collision, assuming that the Davies car would stop. The answer to that argument is that if Miller had been going at the lawful rate of speed when he entered the intersection he could have stopped when he saw that the Davies car was not going to stop or slow down.

Appellant Miller complains because some instructions that he requested were not given. These instructions deal with the fact that he testified that he had passed other intersections between the place of collision and Coffeyville at an unlawful rate of speed, and that appellee had not objected. He also testified that if she had objected he would have slowed up. The instructions requested were to the effect that the failure of Miss Link to object every time appellant crossed an intersection at an unlawful rate of speed would bar her right to recovery. The instructions were properly refused. The duty was on her to protest or make some effort to stop the car when the danger which caused her injury became apparent. That did not happen, it has been shown, till just a second or two before the collision.

Appellant Miller complains because the jury was not compelled to answer certain questions more specifically.

One of them was question 2. It was as follows:

"2. Do you find that the defendant, Miller, in driving to the scene of the collision crossed other intersections of highway, approaching said intersections and crossing the same at a rate of speed more than fifteen miles per hour? A. We don't know."

The only evidence on that point was the testimony of Miller. Perhaps the jury did not believe him. If they did not see fit to take his word for it there was no way for them to know. Furthermore, in view of the position the court has taken on the fact that

Miller crossed other intersections at an unlawful rate of speed, the answer to that particular question has no bearing on the case.

The other question which appellant urges should have been answered more specifically is number 8. It was as follows:

"8. What, if anything, do you find the plaintiff did to prevent the collision of the car in which she was riding with the Davies car? A. No control."

What the jury meant by this answer undoubtedly was that appellee did nothing to prevent the collision of the cars because she had no control of the car. We fail to see where appellants were prejudiced by this answer.

Appellant, Bernice Davies, adopts the brief of appellant Miller with the addition that she urges that certain instructions should have been given along the same lines as those requested by Miller and refused.

We see no error in the proceedings in the court below, and the judgment is affirmed.