## KANSAS CITY PUBLIC SERVICE CO. v. KNIGHT.

### No. 2095.

Circuit Court of Appeals, Tenth Circuit.

Dec. 11, 1940.[1]

Edw. M. Boddington, of Kansas City, Kan. (Fred Robertson and J. O. Emerson, both of Kansas City, Kan., and Charles L. Carr, of Kansas City, Mo., on the brief), for appellant.

Joseph Cohen, of Kansas City, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Thomas J. Knight sued the Kansas City Public Service Company, a corporation, for

[1] The original opinion of the court delivered October 26, 1940, was withdrawn by order of the court dated December 2, 1940, and replaced with the opinion here reported.

damages suffered in a collision between an automobile driven by Vernon L. Leatherwood, in which he was riding, and a street car of the defendant company, at an intersection on the streets of Kansas City, Kansas.

At the close of plaintiff's testimony, defendant filed its motion to dismiss upon the grounds that under the facts and the law, plaintiff was entitled to no relief. This motion was overruled. At the conclusion of all the testimony defendant filed a further motion for a directed verdict on the ground that the evidence as a matter of law failed to establish that defendant was guilty of any negligence; that any injury suffered by plaintiff was caused directly and proximately by his own negligence. This motion also was overruled, and the cause was submitted to the jury and a verdict was returned for plaintiff, upon which judgment was entered by the court. Defendant thereupon filed a motion asking the court to set aside the verdict and judgment and to enter judgment for defendant in accordance with defendant's motion for a directed verdict made by defendant at the close of all the evidence, or in the alternative, that the court set aside the verdict and judgment and grant a new trial. This motion was overruled by the court. Defendant has appealed to this court. The parties will be referred to as they appeared in the court below.

The accident occurred at the intersection of Coy Street and Kansas Avenue in Kansas City, Kansas. Kansas Avenue is a paved street running east and west. It is 56 feet, 3 inches wide from curb to curb and has four street car tracks running parallel down the center of the street. The distance between the outer rails of the street car tracks is 14 feet, 9 inches. Coy Street intersects Kansas Avenue at right angles. It is 30 feet, 4 inches wide from curb to curb. It is paved to the south, but to the north of Kansas Avenue it ends in a dead-end and is not paved.

On the afternoon of the accident, plaintiff met Vernon L. Leatherwood by appointment at five o'clock at Fifth and Minnesota, for the purpose of collecting $15 which Leatherwood owed him. Leatherwood came to the meeting place in his automobile. Plaintiff did not have his car. At the conclusion of their business transaction Leatherwood offered to take plaintiff home. The invitation was accepted, and after they entered the car and were on the way to plaintiff's home, he asked Leatherwood if he would take him to Kansas Avenue to get a part for his car. They drove to Kansas Avenue and parked the car on the north side of Kansas Avenue about 200 feet east of Coy Street. They walked to several wrecking establishments and purchased the part desired by plaintiff. They then returned and entered the car, with Leatherwood driving, and proceeded to go to plaintiff's home. They backed away from the curb and proceeded in a westerly direction. When about 75 to 100 feet east of Coy Street, Leatherwood indicated a turn by extending his left hand. He made a U-turn into the dead-end of Coy Street, and continued in a circular movement to the southwest and then to the south, and crossed the street car tracks where his car was struck by defendant's street car, going east.

In approaching this street railway crossing, it was Leatherwood's duty to act as a reasonably prudent man would under similar circumstances. A railway crossing is always a warning signal to one about to cross, and he must take reasonable measures for his safety in going upon the tracks. The duty resting upon one about to cross an intersection has been clearly defined by the Supreme Court of Kansas in Kansas City-Leavenworth R. Co. v. Gallagher, 68 Kan. 424, 75 P. 469, 470, 64 L.R.A. 344, where the court said: "The requirement of the law that a man shall look and listen means no more than that he shall observe and estimate with reasonable accuracy his distance from the car and the speed of its oncoming. He is then to make a calculation and comparison of the time it will take the car to come and the time it will take to cross the track, and if, under the same circumstances, a reasonably prudent person would attempt to cross at a given rate of speed, he will not be negligent in doing so." To the same effect, see also Keuchenmeister v. Wichita Transp. Co., 137 Kan. 344, 20 P.2d 457, 458.

Measured by this standard, it conclusively appears that Leatherwood was guilty of extreme negligence. The uncontradicted evidence is that he first saw the street car when he backed away from the curb on Kansas Avenue and had started to make the turn into Coy Street; that he estimated that the street car was then about 200 feet away; that he could not tell at what rate of speed it was going; that he turned into Coy Street and continued to turn in a southwesterly and then in a southerly direction approaching the street car tracks from the north; that after he

first saw the street car he did not look again until he was approximately four or five feet from the north rail, when he looked up and saw the street car coming from the west about 100 feet away, at a speed which he estimated from 20 to 25 miles an hour; that at that time he was traveling about eight miles an hour. The length of his car was about 15 feet, the distance across the tracks was another 15 feet. He would have to travel approximately 35 feet to clear the tracks before the street car reached the point where he was crossing. The street car had three times as far to go as he did to reach the point of collision. It was traveling approximately three times as fast as he was. Under the rule laid down in the Gallagher case, supra, the only conclusion a reasonably prudent man could reach from the situation as presented by Leatherwood's own testimony, was that he and the street car would meet and that a collision was inevitable.

 It is defendant's contention that plaintiff and Leatherwood were engaged in a joint enterprise and that the negligence of Leatherwood is the negligence of plaintiff. At the conclusion of the business transaction at Fifth and Minnesota, Leatherwood offered to take plaintiff home. Plaintiff accepted the invitation and they proceeded on the way. He had no control over the operation of the car or right to choose the route; the operation of the automobile was under the exclusive control of Leatherwood. Plaintiff was a guest passenger in Leatherwood's car and was not engaged in a joint enterprise with him. Howard v. Zimmerman, 120 Kan. 77, 242 P. 131; Link v. Miller, 133 Kan. 469, 300 P. 1105. The fact that during the journey home plaintiff requested Leatherwood to stop to permit him to purchase a part for his automobile did not create a joint enterprsie. Anthony v. Kiefner, 96 Kan. 194, 150 P. 524, L.R.A. 1915F, 876, Ann.Cas.1916E, 264.

But even as a guest, plaintiff was required to exercise reasonable care for his safety. It was his duty to keep a lookout for approaching danger and warn the driver and to take such other precautions for his safety as were reasonable under the circumstances. Failure to do this was negligence on his part and will bar a recovery by him for damages suffered if it contributed to his loss.

In Ferguson v. Lang, 126 Kan. 273, 268 P. 117, 119, 63 A.L.R. 1423, the Supreme Court of Kansas held that it was negligence for the wife, who was a guest passenger in a car driven by her husband, to fail to look and warn him of a car approaching from the left, which collided with the car driven by her husband and resulted in injury to herself; that such negligence contributed to her loss and barred recovery. This decision was followed by the Supreme Court of Kansas in Carter v. Missouri Pac. R. Co., 136 Kan. 526, 16 P.2d 472.

Plaintiff testified that he first saw the street car as they were leaving Coy Street and turning south; that at that time the street car was about 110 feet away; that it was traveling from 25 to 30 miles per hour; that Leatherwood was going about 6 to 8 miles an hour; that he said nothing to Leatherwood about the approaching car. By his failure to take reasonable precautions for his safety by failing to warn Leatherwood of the danger from the approaching car, he stands convicted under the decision of the Supreme Court of Kansas in Ferguson v. Lang, supra, as a matter of law of contributory negligence and may not recover in this action.

It was error for the trial court to refuse to sustain defendant's motion for a directed verdict.

The judgment is reversed and the case is remanded with directions to enter judgment for defendant.