READING TOWNSHIP, LYON COUNTY, v. ELIZABETH
A. TELFER.

No. 9433.

1. CONTRIBUTORY NEGLIGENCE — *of husband, as driver, not imput-able to wife when husband not under her control at time.* The negligence of a husband in driving with his wife in a vehicle over a defective highway, whereby injury occurs to the wife, cannot be imputed to her in bar of an action for damages against the township permitting such defects, where it is not shown that the husband was under the direction and control of the wife at the time.

2. —— *rule as to pleading and proving not changed by ¶ 7134, Gen. Stat. 1889.* The statute, (section 1, chapter 237, Laws 1887, ¶ 7134, Gen. Stat. 1889,) giving a right of action against counties and townships in favor of persons who, without contributory negligence, sustain damages by reason of defective bridges or highways, changes the burden of neither pleading nor proof, so as to require a plaintiff suing for damages for injuries caused by such defects to allege or prove non-negligence on his part.

3. "DEFECTIVE HIGHWAY" — *within ¶ 7134, Gen. Stat. 1889, need not have been once improved.* In order to constitute a public road a "defective highway," within the meaning of the statute above cited, it is not necessary that it shall first be improved and put in condition for travel, and then allowed to become defective through lack of repair.

4. —— *verdict held not excessive for injuries from.* The evidence in this case does not show the damages allowed ($5,165) to be excessive.

*Error from Lyon District Court.*
*Hon. W. A. Randolph, Judge.*

AFFIRMED.                    OPINION FILED MARCH 6, 1897.

*Chas. B. Graves, H. D. Dickson* and *I. E. Lambert,* for plaintiff in error.

*E. W. Cunningham* and *W. T. McCarty,* for defendant in error.

DOSTER, C. J.    Mrs. Elizabeth A. Telfer and her husband lived in Reading Township, Lyon County. July 19, 1892, they started in a spring wagon to visit

Mrs. Telfer's mother, some miles distant.   Mr. Telfer acted as driver.   The highway at a certain point crossed a ravine with steep and rocky banks, which rendered it a difficult and dangerous place.   In endeavoring to cross, the wagon was "tipped over," on account of the roughness and difficulty of the descent of one of the banks, and Mrs. Telfer was severely injured thereby.   The defect in the highway which caused the accident was known throughout the neighborhood, and, being on an open prairie, most of the travel had avoided it by going around some distance on either side; but, a few weeks previous to the accident, the owners of the adjacent lands had fenced them up, compelling travelers to pursue the line of the highway, and thus cross the place in question; and a short time before the accident the husband and wife had crossed the place where it occurred.   The township trustee had actual knowledge of the defect in the highway at that point, and contemplated putting it presently in better condition.

. The plaintiff, Mrs. Telfer, brought suit against the township in which the accident occurred to recover for her injuries, under the statute, section 1, chapter 237, Session Laws of 1887 (¶ 7134, Gen. Stat. 1889), which reads as follows:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five

days prior to the time when such damage was sustained ; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect.''

A verdict was returned and judgment rendered in her favor, from which the Township prosecutes this proceeding in error. It was contended in the court below that the evidence showed the husband to have been guilty of contributory negligence, in driving over a highway known by him to be defective and dangerous, and that such negligence was imputable to the wife, and, being so, barred a recovery by her ; and a request for instructions to the jury predicated upon this view of the law was preferred, and refused by the court. The first claim of error arises upon this refusal. This claim is rested upon an assumed or implied agency of the husband, in driving the vehicle under the direction and command of the wife, or, as a participant with her in a joint venture or enterprise. Before proceeding to the consideration of this claim of error, it may be well to state that no charge of actual negligence is made against the wife herself, either in the briefs or oral argument of counsel. The question of her personal negligence in contributing to the injury was submitted to the jury, under instructions of which no complaint is made, and was found in her favor.

It is claimed that the visit to the mother was undertaken by the husband at the solicitation of his wife ; that it was her visit, and not his ; and that, if such does not appear as a fact from the evidence, the least that can be said is that it was a joint venture by both husband and wife. From each of these alternative propositions of fact a deduction of agency in the husband for the wife is drawn, and from thence the legal

Opinion of the Court.

1. **Negligence of husband not imputable to wife, when.** imputation of negligence is derived. The question is, therefore, squarely presented whether the contributory negligence of the husband, in driving his wife over a defective highway, can be imputed to her in bar of an action against the person principally or primarily responsible for the injury. Our judgment is that it cannot; but the authorities, it may as well be admitted, are . conflicting — irreconcilably so — and are numerous in support of each side of the contention. That the principal cannot recover for injuries to which the negligence of his agent and a third person has contributed, is settled beyond dispute, both upon reason and authority. The difficult question is: Under what circumstances can an agency be implied or be said to exist? The plaintiff in error in this case would imply it, as some of the courts have done, from the relation of husband and wife. *Yahn v. City of Ottumwa*, 60 Iowa, 429.; *Carlisle v. Sheldon*, 38 Vt. 440; *Prideaux v. City of Mineral Point*, 43 Wis. 513. The defendant in error contends that this cannot be done. *Hoag v. Railroad*, 111 N. Y. 199; *Louisville N. A. & C. Rly. Co. v. Creek*, 130 Ind. 139, 29 N. E. Rep. 481; *Railroad Co. v. Spilker*, 134 Ind. 380; *Lake Shore and M. S. Rly. Co. v. McIntosh*, 140 Ind. 261, 38 N. E. Rep. 476; *Flori v. City of St. Louis*, 3 Mo. App. 231.

The fact, if it be such, that the journey was undertaken at the solicitation of the wife, possesses no weight. It cannot be that one who merely secures from another the favor of transportation in a private vehicle takes upon herself or himself all risk of the driver's negligence *en route*. To so hold would minimize the problem for consideration into a mere question of fact as to which of the travelers solicited the other; the one the favor of a journey, or the other the

51—57 KAN.

pleasure of company. If the one who asks to be carried, hence is the master, so on the other hand the one who invites to a ride is also the master. If the maiden who begs of her escort a carriage drive is the mistress throughout the journey, so the gallant who invites his lady would likewise be the master until her safe return. It may be conceded that persons of mutual purpose and equal privileges of direction and control, who travel in the same vehicle in pursuit of a common object, are the agents of each other in such a sense that the negligent act of one in furtherance of the common scheme is imputable to all; but such mutuality or equality of direction and control does not exist in the case of a journey taken by husband and wife.

Say what we may in advocacy of the civil and political equality of the sexes, there are conditions of inequality between them, in other respects, which the law recognizes, and out of which grow differing rights and liabilities. One of these is instanced in the case of a journey by husband and wife, such as was undertaken by the parties in question. By the universal sense of mankind, a privilege of management, a superiority of control, a right of mastery on such occasions is accorded to the husband, which forbids the idea of a coordinate authority, much less a supremacy of command, in the wife. His physical strength and dexterity are greater; his knowledge, judgment, and discretion assumed to be greater; all sentiments and instincts of manhood and chivalry impose upon him the obligation to care for and protect his weaker and confiding companion; and all these justify the assumption by him of the labors and responsibilities of the journey, with their accompanying rights of direction and control. The special facts of cases may

show the wife to be the controlling spirit, the active and responsible party, and the husband an agent, or even a mere passenger; but, in cases where such facts are not shown, the court must presume, in accordance with the ordinary, almost universal, experience of mankind, that the husband assumed and was allowed the responsible management of the journey. A review of the opposing decisions upon this question, for the purpose of exhibiting their reasoning and approving that of some and combating that of others, would be profitless, and hence is not undertaken. It may be. remarked, however, that the doctrine of imputable negligence, except when countenanced by statute, is a fiction of the law which finds small favor with the courts, and has been very infrequently applied in our own.

Complaint is made that the court erred in instructing the jury that the burden of proof was upon defendant to establish contributory negligence upon the part of the plaintiff. The rule in ordinary cases is, that contributory negligence is a defense to be alleged and proved; but it is claimed that the statute above quoted

2. Rule of pleading not changed by ¶7134.

changes the rule of pleading and shifts the burden of proof, as to cases falling within its terms. We do not assent to this view. While the statute gives a right of action to "persons who shall, without contributing negligence on their part, sustain damage," etc., yet its object was, not to declare a rule either of pleading or of evidence, but to declare a rule of right. The common law is that persons who, without contributing negligence on their part, sustain damages by reason of the negligence of others, are entitled to redress for their injuries; but because of the nature of *quasi* corporations, such as counties and townships, whose

functions and purposes are entirely public, they have been held to be without the rule of compulsion to respond for the negligent acts of their officers. *Comm'rs of Marion Co. v. Riggs*, 24 Kan. 255; *Eikenberry v. Bazaar Twp.*, 22 id. 556. This defect in the common law was remedied by the enactment of the statute in question; and the only effect of such statute was to bring a class of cases within the operation of the common law of negligence which hitherto had been without. This statute simply declared as to counties and townships what has always been the law with respect to cities, private corporations, and individuals. A contrary view has been held in *Walker v. Chester Co.*, 40 S. C. 342, but it does not meet our approval.

It is also claimed that the defect in the highway where the plaintiff received her injuries was not a "defective highway," within the meaning of the statute; that to constitute it such, the road should first have been improved at the point in question, and then allowed to become defective through lack of repair. It is thought that the statute, section 5, chapter 168, Laws of 1885 (¶ 7133, Gen. Stat. 1889), reenforces this view, because it requires township officers "to keep roads in repair, and improve them as far as practicable," and because "permanent roads" need only be constructed "whenever the available means will permit." We cannot assent to this view. A laid-out and opened road is none the less a public highway, because not yet put in condition for travel. The statute which gives the right of action contains no exceptions to its terms, and it and the one which provides for the improvement and repair of public roads relate to such widely differing subjects that they cannot be construed *in pari materia*. Besides,

3. Defective highway need not have been improved.

Loan Co. v. Garrity.

the statute which gives the right of action in question is a remedial one, and should therefore be liberally, rather than restrictively, construed.

Finally, it is urged that the amount of recovery ($5,165) is excessive. We do not think so. The injuries were of a peculiar nature, followed by much pain and prolonged confinement to the sick-room. According to the testimony of physicians they are permanent in some respects, and entail consequences of a character which money can hardly compensate.

The judgment of the court below is affirmed.

All the Justices concurring.