LINCOLN TOWNSHIP, FRANKLIN COUNTY, v. JOSEPH KOENIG.

No. 509.* (63 Pac. 90.)

1. DEFECTIVE HIGHWAY—*Liability of Township — Question for Jury.* Whether a highway twelve feet in width, and lying on a hill slope, in a deep cut, and between ditches from three to four feet in width and from one and a half to two and a half feet in depth, is a defective highway within the meaning of the statute making counties and townships liable in damages to persons injured by reason of defective highways and bridges, *held* to be a question for the jury.

2. ——— *Injury to Traveler—Proximate Cause.* When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in the highway and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for such defect.

Error from Franklin district court; S. A. RIGGS, judge. Opinion filed December 17, 1900. Affirmed.

*Petition for order to certify denied by supreme court January 7, 1901.—REP.

*J. W. Deford*, and *W. A. Deford*, for plaintiff in error.

*Benson & Smart*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by the defendant in error against the plaintiff in error to recover damages for a personal injury sustained as the result of a collision between the wagon of one Fred Wickie, drawn by a runaway team, and the plaintiff's wagon, on a public highway in Lincoln township, Franklin county, whereby the plaintiff was thrown violently. from his wagon and was severely hurt. The verdict and judgment were for the plaintiff in the sum of $375. The alleged negligence of the township consisted in the fact that the roadway at the point where the injury occurred, being on a long hill slope and in a deep cut, was made and permitted to remain in an unsafe condition in being only about twelve feet wide, and between ditches which were from three to four feet in width and from one and a half to two and a half feet in depth. Both teams were being driven in a westerly direction down the slope, and Koenig's wagon was nearing the narrowest part of the roadway and was somewhat north of the center thereof when Wickie's team, having been frightened by a dog, got so far beyond the driver's control that they came dashing down the hill. Wickie tried to turn his team so as to pass on the south side of Koenig's wagon, but could not do so because of the ditch by the roadway, and his wagon struck Koenig's wagon with great force, causing the injury complained of.

The evidence introduced by the plaintiff tended to prove the foregoing facts, and also that the plaintiff

was unaware of the approach of the runaway team and of his own danger; that he had resided for many years in sight of the road where the collision occurred and was quite well acquainted with the highway and its condition; that Wickie, as he approached Koenig, endeavored to warn the latter by shouting, but without success; that the trustee of the township, more than five days prior to the injury, had full knowledge of the condition of the highway on the hill slope, but had not altered the same; that some time after the accident the overseer of the road district in which the highway was located repaired the same at the point named by widening it to the width of about eighteen feet between the ditches and by reducing the depth of the ditches. The defendant claimed that the road at the point where the collision occurred was in good order and was about sixteen feet in width; that the road at that point could not have been kept in a fit condition for ordinary travel without ditches on each side thereof; that the traveled portion might have been made twenty-five or thirty feet wide, with proper ditches for drainage; that the plaintiff failed to observe the approach of the runaway team and failed to notice the shouts of Wickie and the gestures of another who sought to warn him of his peril.

The jury made one special finding of fact, as follows:

"At the time and place at which plaintiff was injured, would the narrowness of the roadway, or the ditches at its sides, or both ditches and roadway together, have caused plaintiff's injury without the intervention of the force and violence of the runaway team and its collision with Koenig's wagon? Answer. No."

By the provisions of section 1, chapter 237, Laws

Lincoln Township v. Koenig.

of 1887 (Gen. Stat. 1897, ch. 42, § 48; Gen. Stat. 1899, § 579), counties and townships are made liable in damages to persons injured by reason of defective highways and bridges. The evidence in the present case showed notice and knowledge on the part of the township trustee respecting the condition of the road at the point where the plaintiff was injured. Only the most careful driving would have enabled two wagons to pass at that point. Anything preventing the exercise of such care on the part of the drivers of teams so passing would necessarily have resulted in a collision of the vehicles or an overturning of one of them into the ditch. It was practicable to have made the roadway at that point considerably wider, and to have reduced the depth of the ditches, as is shown by the fact that such improvements were subsequently made.

It is contended that there was error in refusing a requested instruction wherein the meaning of the term "proximate cause" was defined, and that it was error to overrule the defendant's motion for judgment on the special finding of fact. We have examined all the instructions given, and think they fairly and fully cover the questions arising upon the evidence. The instruction asked for was properly refused. Counsel argue that the pleadings and evidence showed that the highway at the point in question was not "defective" within the meaning of the statute, since it "was at least twelve feet wide, solid and smooth between the ditches, so that wagons and teams could easily and safely pass each other," and that it was error to submit to the jury the question as to "whether it was in a reasonably safe condition for travel in the ordinary modes." In the case of *Reading Township v.*

*Telfer,* 57 Kan. 798, 48 Pac. 134, the court, referring to the statute under which this action was brought, said :

"The statute which gives the right of action in question is a remedial one, and should therefore be liberally, rather than restrictively, construed."

In that case the court held that, in order to constitute a public road a defective highway within the meaning of the statute, it is not necessary that it shall first be improved and put into condition for travel and then allowed to become defective through lack of repair.

Guided by the foregoing, we think it was proper to submit to the jury the question whether the roadway at the point where the plaintiff was injured was a "defective highway" within the meaning of the statute. (*City of Wellington v. Gregson,* 31 Kan. 99, 1 Pac. 253.) The general verdict shows that the jury regarded the highway as defective, and its defective condition as a proximate cause of the plaintiff's injury. The rule applicable to the present case is thus stated in the case of *Ring v. City of Cohoes,* 77 N. Y. 83, 88 :

"When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate—the one being a culpable defect in the highway and the other some occurrence for which neither party is responsible—the municipality is liable, provided the injury would not have been sustained but for such defect."

In the case of *Street Railway Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012, the same doctrine is thus declared in the syllabus :

"The rule is, that where two causes combined to produce the injury, both in their nature proximate— the one being a defect or obstruction in a public street and the other some occurrence for which

neither party is responsible—the city is liable, provided the injury would not have been sustained but for the defect in the street."

Another paragraph of the syllabus reads:

"According to the weight of authority, a city is liable where a horse takes fright, without any negligence on the part of the driver, at some object for which the municipality is not responsible, and gets beyond the control of his driver and runs away, and comes in contact with some obstruction or defect in the road or street which the city had been negligent in not removing or repairing, if the injuries would not have been sustained but for the obstruction or defect."

In 16 American and English Encyclopedia of Law, pages 440 and 441, it is said:

"It is no defense in an action for a negligent injury that the negligence of a third person, or an inevitable accident, or an inanimate thing, contributed to cause the injury of the plaintiff, if the negligence of the defendant was an efficient cause of the injury. In such cases, the fact that some other cause operates with the negligence of the defendant in producing the injury does not relieve the defendant from liability. His original wrong concurring with some other cause, and both operating proximately at the same time in the production of the injury, he is liable to respond in damages whether the other cause was a guilty or an innocent one."

Whether or not the defendant's negligent act is in any case the proximate cause of the plaintiff's injury is for determination by the jury. (*Sellick v. Lake Shore & M. S. Ry. Co.*, 93 Mich. 375, 53 N. W. 556.)

In view of the foregoing considerations, the judgment of the district court will be affirmed.