OZAWKIE TOWNSHIP, *etc.*, v. M. G. BIGHAM, *Adm'r, etc.*

**No. 13,377.** ( 74 Pac. 1133.)

Error from Jefferson district court; MARSHALL GEP-HART, judge. Opinion filed December 12, 1903. Affirmed.

*Daniel L. Stanley,* and *Waters & Waters,* for plaintiff in error.

*H. B. Schaeffer,* and *H. T. Phinney,* for defendant in error.

*Per Curiam:* Plaintiff's intestate was killed because of a defect in a public highway. The defendant township was charged with neglect in the matter, and a judgment for damages was recovered against it, which it now desires to have reviewed.

The action of the trial court upon the matters complained of in the first, third and ninth specifications is so clearly correct as to require no discussion. The burden of the second, fourth, seventh and tenth specifications is that the evidence was insufficient to warrant the verdict and the special findings, and that the findings and the record disclose want of care on the part of the deceased sufficient to bar recovery.

The evidence and the findings are sufficient to support the judgment in all respects. Upon the matter of the negligence of the deceased, it appears that he was a careful man with horses; was sober, and in good health; that people generally traveled next to the bank over which his wagon fell; that the other side of the road was not so available; that the other side of the road was bordered by a barbed-wire fence; that a few minutes before the accident occurred the deceased said he could see well enough to enable him to drive; that he stopped shortly before the accident, and that he was not going fast. Other items of evidence also acquit him of contributory negligence.

The subjects of specifications 5 and 6 are covered by the case of *Reading Township v. Telfer,* 57 Kan. 798, 803, 48 Pac. 134, 57 Am. St. Rep. 355.

The instruction relating to damages referred to in the eighth specification is not fairly subject to the criticism made upon it, and that it was not taken advantage of by counsel for plaintiff for the purposes suggested appears

from the fact that no objection on that ground was made. While not as formal as it might have been, the jury do not appear to have been misled by it to such an extent as to find against either the law or the evidence in the case.

The judgment of the district court is affirmed.