**GOEHLER et ux. v. GROVE.**

No. 14954—Opinion Filed Feb. 3, 1925.

Rehearing Denied March 31, 1925.

(Syllabus.)

1. **Oil and Gas—Cancellation of Lease—Judgment for Rescission and Return of Consideration.**

Plaintiffs having filed a suit for rescission and cancellation of an oil and gas lease on the ground, among others, that the parties had never reached an agreement, and that the instrument was void, and defendant having admitted the allegation and prayed for judgment of return of his money, final judgment canceling the lease as prayed by plaintiffs, and for the money paid in favor of the defendant against the plaintiffs, is without error.

2. **Appeal and Error—Harmless Error—Instructions.**

Where a correct judgment under the pleadings is entered by the trial court, alleged erroneous failure of the trial court to fully instruct upon an issue submitted to the jury, becomes immaterial.

Error from District Court, Tillman County; Thomas A. Edwards, Assigned Judge.

Action by Geo. W. Goehler and wife

against D. R. Grove. From the judgment plaintiffs bring error. Affirmed.

Wilson & Roe, for plaintiffs in error.

P. Mounts and W. H. Hussey, for defendant in error.

BRANSON, V. C. J. At all times herein mentioned, George W. Goehler and his wife, Annie Lee Goehler, were the owners of a certain ten acre tract of land located in Tillman county, Okla. It is disclosed by the pleadings of the plaintiffs that on February 18, 1920, they executed an oil and gas mining lease to the defendant herein, D. R. Grove; that said oil and gas mining lease was placed of record on the following day. That on February 23, 1920, said landowners, as plaintiffs, filed this suit against the lessee as defendant. The parties will be referred to as they appeared in the trial court.

To support their cause of action for rescission, and $100,000 damages, plaintiffs pleaded that the execution of the instrument referred to as a lease was secured by defendant's fraud; second, that when they executed the said instrument, it was orally agreed between them and the defendant that the defendant would ascertain the exact time when he would commence drilling a well on the tract, would inform the plaintiffs of the date, and insert the date upon the following day in the instrument executed on the 18th. That he breached this part of his oral agreement, and on the 21st of February placed the instrument of record. That there was therefore never a meeting of the minds of the parties as to the lease contract, "and no contract was ever completed, and said alleged lease contract is void and of no effect."

Defendant answered plaintiffs' pleadings, denying the fraud, but admitting the second ground pleaded for rescission and cancellation, and for affirmative relief in his answer pleaded that he had paid the plaintiffs $5,000, and asked that he recover the sum against them.

On the trial of the cause, plaintiffs through counsel stated their case to the jury, by reading their pleadings, and nothing further. Whereupon, defendant, in the absence of the jury, filed a motion for judgment on the pleadings, and opening statement of counsel, to the effect that plaintiffs should recover to the extent of the cancellation of the alleged lease, and that defendant should recover against the plaintiffs the $5,000 paid them. The trial court overruled this motion. On hearing the evidence as to fraud, etc., and damages sus-

tained by plaintiffs, the jury returned a verdict denying plaintiffs any damage, and in favor of the defendant on his prayer for affirmative relief in the sum of $5,000. The trial court entered judgment canceling the lease and awarding the defendant a judgment against the plaintiffs for the $5,000 paid them.

The petition in error filed by the plaintiffs in this court assigns in effect, first, error in admitting evidence on the part of the defendant. The evidence admitted against which this complaint is directed is that of one Testerman, who had charge of an oil well being drilled near by the premises in question, and merely went to the effect that neither on instructions from his superiors, nor on his own volition, did he fail to acquaint the plaintiff Goehler with any of the true facts touching the well being drilled under his supervision, and that on Goehler's request he had given him information about the depth of the well, etc. There is nothing in this evidence to sustain the assignment.

The petition in error further assigns the refusal to admit certain evidence of fraud on behalf of the plaintiffs. This assignment is not discussed in the brief of the plaintiffs, and is therefore waived.

The next assignment goes to an instruction given by the court on the right of the defendant to recover against the plaintiffs on that part of his answer praying affirmative relief. The record fails to disclose that any exception was taken by the plaintiffs to the instruction as given by the trial court, and no instructions were requested on this issue by the plaintiffs. The assignments of error are not well taken.

Going further into the case as a whole, we feel that the judgment rendered in the case is one that should have been rendered on the motion for judgment on the pleadings and opening statement of counsel. Plaintiffs, as one of their grounds for rescission and cancellation, charge that there was in effect no contract, as the parties had never reached an agreement. This the defendant conceded, and asked that the $5,000 paid them be returned. Under this state of the record, irrespective of our finding as to the judgment rendered after verdict of a jury, we think that the judgment of the trial court is correct.

In the case of Kibby v. Binion, Sheriff, et al., 70 Okla. 96, 172 Pac. 1091, this court said in effect that where a proper final judgment is entered, it is immaterial as to whether it is predicated upon erroneous findings

of fact, or misinterpretations of law. City of Tulsa et al. v. Thomas et al., 89 Okla. 188, 214 Pac. 1070.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 27 Cyc. p. 693 (1926-Anno); (2) 4 C. J. p. 1052.