## HASTY v. PITTSBURG COUNTY RY. CO.

No. 13419—Opinion Filed July 7, 1925.

Rehearing Denied Oct. 20, 1925.

**1. Negligence—Imputed Negligence—Automobile Accident—Negligence of Driver.**

The contributory negligence of the chauffeur is imputable to one riding as a guest or companion only where the relation of master and servant or principal and agent exists, or where the parties are engaged in a joint enterprise, whereby the responsibility for each other's acts exists.

**2. Same—Husband's Negligence in Driving not Imputable to Wife.**

In an action for injuries to plaintiff from a collision with street car of defendant, while riding with her husband as passenger in automobile, negligence on the part of her husband in not exercising due care at the time is not imputable to the wife by reason of such relationship.

**3. Same—Action Against Street Railroad—Instructions—Prejudicial Error.**

Plaintiff, wife, was riding in the front seat of the automobile, owned and driven by her husband at the time she received alleged injuries in a collision with a street car, there being no evidence of agency or joint enterprise between them. Held, that, as matter of law, plaintiff was entitled to an instruction that the negligence, if any, of her husband at that time was not imputable to the plaintiff, and that an instruction given by the court that the jury might consider certain facts—enumerating them—in determining whether the jury would impute the negligence, if any, of the husband to the plaintiff, was prejudicial error.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County, A. C. Brewster; Assigned Judge.

Action by Maude Hasty against Pittsburg County Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

J. S. Arnote, for plaintiff in error.

Monk & McSherry, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff sued defendant street railway company for damages for personal injuries, alleging various acts of negligence. Judgment was for defendant on verdict of jury. Second street runs north and south in the city of McAlester and crosses Electric avenue running east and west. Defendant's street railway line is located on the south side of said Electric avenue. About noon on Sunday, plaintiff, Maude Hasty, and her husband started north on said Second street in the automobile owned and driven by the husband, plaintiff sitting in the front seat by his side. A short distance south of Electric avenue, at the request of plaintiff, said husband stopped said car, and a Mrs. Bell and three children were invited to ride, occupying the rear seat. On the east side of Second street, and immediately south of Electric avenue, are a building and certain trees and shrubbery, partially obstructing the view to the east of one approaching Electric avenue from the south. Plaintiff's injuries were received in a collision with a west-bound electric car of defendant, as the automobile driven by plaintiff's husband attempted to cross said Electric avenue.

The main assignment of error argued by plaintiff involves instruction No. 12, as follows:

"It is the duty of the driver of an automobile, in approaching a railroad crossing, to look and listen for a train, and if he fails to do so, it is negligence within itself; this rule does not generally apply in all its force to a passenger in a car, riding with the driver, and who has no control over the driver or his management of the car, but the negligence of such passenger must be determined according to all the facts and circumstances existing at the time of the accident; and in determining in this case whether you will or will not impute the negligence, if any, of plaintiff's husband to the plaintiff, you may take into consideration what control, if any, she had upon the car and driver, or of the management of the car, her proximity to the driver, her relation as his wife, where she was seated in the car, the acquaintance with his driving and his skill or want of skill to drive, his experience or lack of experience, the kind of car driven, the condition of the car

at the time, her acquaintance with the crossing where the accident occurred, her knowledge of the running of trains at the crossing, her opportunity for observing the approach of the train, whether or not she saw, or could have seen, by looking and listening, the approach of the train and could have notified the driver of same, or whether after she saw the train approaching, she did notify the driver, and under all the circumstances whether or not she acted as a reasonably prudent person would have acted, and whether she exercised due care and prudence for her own safety immediately before and at the time of the accident."

Plaintiff complains that the giving of the foregoing instruction was error, prejudicial to her, in that it authorized the jury to impute to the plaintiff the negligence of her husband, the driver.

1. In order to impute the negligence of the chauffeur to the one riding, the relation of master and servant or principal and agent must exist, or the parties must be engaged in a joint enterprise, whereby responsibility for the acts of each other exists. St Louis & S. F. Ry. Co. v. Bell, 58 Okla. 84, 159 Pac. 336, L. R. A. 1917-A 543; Oklahoma Ry. Co. v. Thomas, 63 Okla. 219, 164 Pac. 120, L. R. A. 1917-E 405; Thrasher v. St. Louis & S. F. Ry. Co., 86 Okla. 88, 206 Pac. 212; Muskogee Elec. Trac. Co. v. Richards, 97 Okla. 61, 222 Pac. 265, 267. This rule excludes such imputation otherwise. In the Bell Case, supra, it is said:

"The doctrine of imputable negligence, except when countenanced by statute, is a fiction of the law, which finds small favor with the courts and has been very infrequently applied in our state."

In many states, the doctrine is not recognized. There is no hint of agency in the record. If the husband's negligence may be imputed to plaintiff, it must be because they were engaged in a joint enterprise. Defendant did not so plead. Defendant averred only contributory negligence—that plaintiff did not keep a sufficient lookout for her own safety, did not direct her husband to slow down on approaching the crossing, permitted her husband to drive at an excessive rate of speed in violation of the ordinance, permitted her husband to drive at such high speed without herself looking and listening for the defendant's street car, and failed to direct her husband to give the right of way. These were acts of omission and commission, which, if true, constituted contributory negligence on the part of plaintiff. In the Bell Case, supra, it is said:

"It follows that, as the negligence of the driver cannot be imputed to the deceased, the court did right to decide that question on the undisputed facts as a matter of law, and that the question so decided was not a question of contributory negligence, required to be left to the jury as a question of fact by Constitution," etc.

Thereby and otherwise in that case, this court recognized that imputable negligence is not a concomitant of contributory negligence of plaintiff, although in the dissenting opinion therein, it is stated that imputable negligence is not a distinct and independent defense, but is a feature and a part of the defense of contributory negligence. Assuming, without deciding, that defendant's said plea of contributory negligence was sufficient to support its contention of imputed negligence, the record is without evidence to support a joint enterprise between plaintiff and her husband. There is evidence in the record from which negligence on the part of the husband may be inferred. The evidence shows simply that plaintiff was riding in the front seat with her husband on their way to North McAlester. Plaintiff never had driven an automobile. Even if they were on a pleasure trip, to get their children—as suggested in brief of counsel—it was not a joint enterprise. In the Bell Case, supra, this court said:

"Assuming that the trip was a 'joy ride,' as contended, it was not a joint or common undertaking. In Atwood v. Utah Light & Ry. Co., 44 Utah, 366, 140 Pac. 137, the court, quoting approvingly from Cotton v. Willmar & S. F. Ry. Co., 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. Rep. 422, 9 Ann. Cas. 935, said:

" 'Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management.' "

We think the right to direct and govern the conduct of each other, referred to above, involves the correlative duty so to do, or responsibility therefor. That duty involves authority in the matter of directing the driving. The principal or master has the right and authority to direct his agent or servant in the matter of driving, whence arises the correlative duty of so doing in a proper case—leastwise a responsibility therefor Mr. Justice Hardy, in Oklahoma Ry.

Co. v. Thomas, 63 Okla. 219, 164 Pac. 120, says:

"Disregarding the passenger's due care, the test whether the negligence of the driver is to be imputed to the one riding defends upon the latter's control or right of control of the actions of the driver so as to constitute, in fact, the relation of principal and agent, or master and servant, or his voluntary unrestrained, noncontractual surrender of all care for himself to the caution of the driver."

In the latter alternative, the passenger would become, in law, as mere freight. We do not here attempt to define joint enterprise. It is sufficient to observe some qualities of a joint enterprise that are not present in this case. As held in Schutz v. Wells (Mo. App.) 264 S. W. 479, imputability of automobile driver's negligence to passenger is not determined by the character of the driver's negligence, but by the relationship of driver to passenger. This relationship must be more than, or different from, affinity, as shown hereinafter, or consanguinity. It has no reference to a friend, guest, companion, or invitee. See Bell Case. In all these, as, indeed, in the case of any person, there is a moral obligation existing whereby responsibility for the acts of each other exists, between the driver and the one riding. In these cases, on humanitarian principles, the rider and driver each owes to the other the obligation which inheres in morals—to protect the other from injury. The relationship referred to in the law, whence arises imputable negligence, involves a legal duty—not a moral one. This is apparent from principal and agent, or master and servant. Whether plaintiff and her husband were engaged in a joint enterprise, therefore, depends upon whether the relationship between them at the time of the accident was such that the plaintiff had the legal right and authority, and therefore the correlative duty and responsibility, to direct the driving. For example, each partner is the agent of the partnership within the scope of its business, the relation being expressly or impliedly contractual. There are joint enterprises or ventures that are not partnerships in the legal sense, and in which those engaged are not its implied agents, as, for instance, so-called mining partnerships in this state. A joint enterprise ordinarily contemplates business or profit as its object, though we cannot so limit the term. In any event, we think imputable negligence arising from a joint enterprise is analogous to that arising from agency. The record does not show a contractual relation between plaintiff and her

husband, whereby anything more than a moral obligation existed between them at the time of the accident, for the acts of each other. Plaintiff had no control of, or right to control, the driving. The Bell Case, supra, quotes with approval the following from 29 Cyc. 548:

"While there are some decisions to the contrary, the great weight of authority is that the negligence of the driver of a private conveyance will not be imputed to a person riding with him, but who has no authority or control over him, such as that of master and servant. To create the imputation of negligence, the passenger must have assumed such control and direction of the vehicle as to be considered practically in the exclusive possession of it. Merely making suggestions as to the route to be taken, or warning the driver of the danger, does not amount to sufficient authority or control."

2. The better rule, and the weight of authority is, that the mere relationship of husband and wife does not bring the plaintiff within said rule. In Reading Township v. Telfer, 57 Kan. 798, 48 Pac. 134, 57 Am. St. Rep. 355, the facts were that the wife was injured while riding with her husband in a vehicle over a defective highway. Although it appeared that the ride had been taken at the solicitation of the wife, the court held that the fault of the husband was not to be imputed to the wife, although the sexes are recognized by the law as standing upon the same level. See Laird v. Berthelote (Mont.) 206 Pac. 445, and authorities therein cited; Hoag v. N. Y. Cent. Ry. Co. (N. Y.) 18 N. E. 648; Louisville, etc., Ry. Co. v. Creek (Ind.) 29 N. E. 481; Kokesh v. Price, 138 Minn. 304, 161 N. W. 715, 26 A. L. R. 643; Hampel v. Detroit, etc., R. R. Co., 138 Mich. 1, 100 N. W. 1002, 110 Am. St. Rep. 275; Corn v. Kansas City, etc., Ry. Co. (Mo.) 228 S. W. 78. In the Laird Case, supra, the court quotes this from 1 Thompson on Negligence, sec. 504:

"Although there are a few holdings to the contrary, mostly in jurisdictions where the doctrine of imputed negligence is recognized, yet there is no ground in reason or justice growing out of the marital relations for making a different rule from the one just discussed, for the case where the wife has committed her safety to her husband—as where she is riding in a vehicle and he is driving—than in any other case; and the weight of authorities that in such a case the negligence of the husband is not imputed to the wife."

We say in the language of Louisville, etc., Ry. Co. v. Creek, supra:

"In our opinion, there would be no more reason or justice in a rule that would, in cases of this character, inflict upon a wife the consequences of her husband's negligence, solely and alone because of that relationship, than to hold her accountable at the bar of eternal justice for his sins because she was his wife."

3. Said instruction No. 12, down to the second semicolon, is, in substance, syllabus paragraph No. 2 of the Thrasher Case, supra, and therefore a correct statement of the law as far as applicable to the instant case. The giving of the remainder of the instruction was prejudicial error. Under the facts in the instant case, the negligence of the husband, if any, was not imputable to the plaintiff. The court should have instructed the jury so, as a matter of law, and as requested by the plaintiff. Instead thereof, the court categorically pointed out certain facts and circumstances shown by the evidence from which, as the court stated in substance, the jury might impute the negligence of the husband to the plaintiff. The vice of said instruction is this: "And in determining in this case, whether you will or will not impute the negligence, if any, of plaintiff's husband to the plaintiff, you may take into consideration," etc. Thus, the court submitted imputable negligence to the jury. We think the prejudice therefrom is apparent because of the evidence tending to show the negligence of the husband. The plaintiff was absolutely responsible for her own negligence, but, under this record, was not entitled to have imputed to her any negligence whatsoever of her husband. Ordinary prudence requires any person possessed of normal faculties, before attempting to pass over a known railway crossing, to use them in discovering and avoiding danger from a passing train, and the omission so to do, without reasonable excuse, is negligence, and if such negligence contributed to the injury, the action of such injured person should fail. See syllabus paragraph 1 of Thrasher Case, supra. This rule applies, of course, to a wife riding. What, if anything, plaintiff should have done, or omitted to do, in the exercise of reasonable care for her own safety, to prevent her injuries, depended upon the facts and circumstances. Thus, the jury, under our Constitution, should have determined whether she was guilty of contributory negligence. In instructions Nos. 6 and 10 the court covered this subject.

We deem it unnecessary to consider the other numerous assignments of error. Although it will be the third trial for the plaintiff, it is recommended that the judg-

ment herein be reversed and a new trial granted to the plaintiff.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 549; anno. L. R. A. 1915B, 955; 2 R. C. L. 1208; 1 R. C. L. Supp. 743; 4 R. C. L. Supp. 159; 5 R. C. L. Supp. 148. (2) 29 Cyc. pp. 549, 550; anno. 8 L. R. A. (N. S.) pp. 656, 659; 13 R. C. L.; R. C. L. Supp. 735. (3) 4 C. J. p. 1031, § 3013; 29 Cyc. p. 550; 36 Cyc. p. 1643.