BOUCHER v. GROENDYKE TRANSPORT CO. et al.

No. 31710. May 1, 1945.

Rehearing Denied May 22, 1945.

Application for Leave to File Second Petition for Rehearing Denied June 5, 1945.

*160 P. 2d 403.*

Gilliland, Ogden, Withington & Shirk and Wilson Wallace, all of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, and Welch & Welch, of Madill, for defendant in error.

PER CURIAM. This action was brought by Ralph Boucher, hereinafter referred to as plaintiff, against the defendants, Guy Wylie and Groendyke Transport Company. Guy Wylie made no appearance in the trial court. The defendant Groendyke Transport Company appeared and defended and upon a trial to the jury a verdict was rendered in favor of defendant Groendyke Transport Company, and plaintiff appeals. The parties will be referred to as plaintiff and the defendant, Groendyke Transport Company as the defendant company, and where necessary Guy Wylie will be mentioned in person.

The record discloses that the plaintiff and his wife and Guy Wylie and his wife left Ardmore on the evening of September 7, 1942, which was Labor Day. They went to the city of Denison, Tex., and attended a dance, together with another couple. Between 1 and 2 o'clock in the morning of September 8, 1942, they were returning from their trip when the car owned and driven by the defendant Guy Wylie ran into the truck of the defendant company near the intersection of U. S. Highway No. 70 and State Highway 99 in the city of Madill. Some time prior to the time of the collision the driver of the defendant's truck had parked the same south of the intersection of the U. S. Highway 77 and State Highway 99 and had gone into a cafe and had returned to his truck and was sitting in the truck when the accident occurred. There was a street light on the southeast corner of the intersection of the highway which was burning. The driver of the truck testified that he was able to make notes from the light of the street light. There was another light on the sign advertising the location of the cafe. The testimony of a deputy sheriff was to the effect that in making his rounds he could see the truck clearly both from the front and the rear. It was a dark and rainy night and the evidence is that it was either misting rain or had been misting rain and perhaps at intervals a rain heavier than mist had been falling. The truck was regularly parked according to the ordinances of the city of Madill so far as the record discloses. It was parked laterally, and after the collision neither the front wheels nor the rear wheels were more than 18 inches from the curb on the south side of Highway 70. After the collision, which one witness testified moved the truck 12 or 14 feet to the north and the driver of the truck testified moved it 6 feet to the north, the front part of the truck was 24 feet from the south corner of the intersection of U. S. Highway 70 and State Highway 99.

It is first argued that the court erred in not submitting the case to the jury on the theory that plaintiff's injuries resulted from the concurrent negligence of defendant Wylie and the defendant company. The defendant Wylie made no defense and testified for the plaintiff. He is a cousin of the plaintiff. The court instructed the jury to return a verdict against the defendant Wylie, which was done. We will discuss this alleged error in the discussion of instructions excepted to and assigned as error.

It is next argued that instruction No. 8, which, in effect, told the jury that the defendant company had a right to park its truck where it did and was under no duty to keep the lights on or put out flares, was error. Plaintiff contends that 47 O. S. 1941 § 131, requiring a proper lighting on highways, applies. Similar provisions have been held to apply to vehicles operated on the highway and not to parked vehicles. Berry on the Law of Automobiles, vol. 1, p. 138. Apparently this court has had no occasion to pass upon the applicability of this section to automobiles

properly parked in a city of the first class. We are of the opinion, and hold, that there was no error in the instruction, and that there was no duty under the facts and circumstances of this case to keep the truck lighted or to put out flares. There is no evidence of any violation of the city ordinances of the city of Madill. Plaintiff also relies on 47 O. S. 1941 § 94. This section was repealed by the Laws of 1939, p. 306, § 38, and no substitute was enacted therefor. This accident occurred September 8, 1942. There was no error in instruction No. 8.

It is next argued that instructions Nos. 9, 11, and 12 are erroneous for the reason that therein the jury was told that if the negligence of Guy Wylie alone caused the damage, defendant company was not liable. Instruction No. 11 shall be hereafter considered on another proposition. Instruction No. 9 informed the jury that if the negligence of Guy Wylie alone caused the damage, the defendant company was not liable. Instruction No. 11 informed the jury that if the defendant company parked the truck where it was dark without putting out flares or properly lighting the truck, and the negligence in failing to properly light the truck or put out flares caused the damage, then and in that event the defendant company would be liable. Instruction No. 12 informed the jury that if the defendant company was negligent but the plaintiff was guilty of contributory negligence the veridct should be for the defendant company. There can be no contributory negligence unless the defendant company was guilty of negligence. Since these instructions properly discussed the duty the defendant company owed to the plaintiff, there was no error in giving them. To have instructed in the language requested by the plaintiff and argued in this assignment, to wit, that if they found from the evidence that the concurring negligence of the defendant Wylie and the defendant company operated to cause the damage, under the circumstances of this case, would have led

only to confusion. There was no error in this respect in giving instructions Nos. 9, 11, and 12.

It is next argued that instruction No. 10 does not properly state the law as to contributory negligence on the part of an invited guest passenger and is therefore prejudicial to plaintiff. Instruction No. 10 is as follows:

"Gentlemen of the jury, you are instructed that it is the duty of a passenger in an automobile to exercise ordinary care for his own safety and the failure of such passenger to exercise due care is negligence and if such negligence contributes to the happening of an accident injuring him, he cannot recover for such injuries.

"Under ordinary circumstances, a passenger in an automobile may rely on the driver thereof driving the automobile in a reasonably safe manner so as to avoid a collision; but if a passenger in an automobile knows, or should know, or has good reason to believe that the driver thereof is unable to see a sufficiently clear distance ahead to avoid a collision with objects which may be ahead of the automobile, then it becomes the duty of the passenger to take such precautions and to exercise such care as will enable him to determine what, if anything, is ahead of the automobile in the road and in the event of the discovery of any such obstacles to warn the driver thereof."

With this contention we are inclined to agree. See Hasty v. Pittsburg County R. Co., 112 Okla. 144, 240 P. 1056; Chickasha Street R. Co. v. Marshall, 43 Okla. 192, 141 P. 1172, and Patsy Oil & Gas Co. v. Odom, 186 Okla. 116, 96 P. 2d 302, in which cases it has been stated that the doctrine of imputed negligence is not recognized in this jurisdiction. The chief objection of plaintiff is that the jury was not so told in these words, as held is Hasty v. Pittsburg County R. Co., supra.

Under the provisions of 22 O. S. 1941, § 1068, which forbids this court reversing a judgment unless it can be said from an examination of the entire

record that such alleged error resulted in a miscarriage of justice or has deprived the complaining party of a constitutional or statutory right, this court has consistently refused to reverse a judgment entered upon a verdict of a jury for an erroneous instruction where it can be said upon a review of all the record that the adverse party has not been prejudiced thereby. Morris v. White, 177 Okla. 489, 60 P. 2d 1031; St. Louis-San Francisco R. Co. v. Edwards, 119 Okla. 84, 248 P. 598; Goehler v. Grove, 108 Okla. 159, 234 P. 622.

The front part of the automobile was completely demolished. Wylie himself admitted driving between 30 and 40 miles per hour at the time of the accident. The jury must have been convinced either that if there was any negligence of the defendant company it was not the cause of the accident or that the accident was caused solely by the negligence of the defendant Wylie. We are unable to find any evidence of negligence on the part of the defendant company. The truck was parked where it had a right to be parked. Although the plaintiff states three times in the brief that the truck was parked within 8 feet of the corner of the intersection of U. S. Highway 70 and State Highway 99, we are unable to find any such evidence in the record. Every witness questioned on this proposition testified that after the truck was moved north from 6 to 12 feet by the impact of Wylie's automobile it was still 24 feet from the corner of the intersecting highways.

We are convined that under all of the facts and circumstances no recovery could be allowed the plaintiff against the defendant company.

Finally, we return to the objection made in proposition 7 to instruction 11, in which the jury was told that if it found that the defendant company was not negligent but that the injuries were brought about solely by the negligence of the defendant Wylie, then and in that event the verdict should be for the de-

fendant company. The final argument on instruction No. 11 is that it conflicts with the rule of concurring negligence, and that at no time was the jury told that if they found from the evidence that the negligence of Guy Wylie, concurring with the negligence of the defendant company, caused the injuries, then and in that event the judgment should be for the plaintiff. What has been said above in discussing the objections to instructions Nos. 9, 11, and 12 has rendered unnecessary any discussion of this alleged error.

The judgment of the trial court is affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.